Herman Quartz, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued September 10, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., ROGERS, sitting as a panel of three.

No appearance for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 20, 1976:

Herman Quartz (Appellant) appeals to this Court an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to Appellant pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

Appellant was last employed by Don Hughes Ford Sales as a mechanic. Following a conversation between Appellant and Don Hughes, who had retired from the management of the company, Appellant stopped work, and now contends that at the conclusion of the dialogue, Hughes fired him.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(b)(1).

Since the Board found that Appellant left work voluntarily,[2] he can be eligible for benefits under Section 402(b)(1) of the Law only if he left for a necessitous and compelling reason. Here, Appellant's decision to terminate employment was motivated solely by his own impression that he had been discharged. Notwithstanding the presentation of conflicting evidence, one cannot necessarily conclude that there is no competent or credible evidence to support the findings. *Unemployment Compensation Board of Review v. Moran,* 21 Pa. Commonwealth Ct. 387, 346 A.2d 591 (1975). In *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 241, 244, 316 A.2d 679, 680 (1974), we said, "A claimant for unemployment compensation benefits who becomes unemployed by voluntary termination of his work bears the burden of proving that such termination was with cause of a necessitous and compelling nature [Citation omitted.]." The Board determined that Appellant failed to meet his burden of proving that his voluntary termination was with cause of a necessitous and compelling nature. Our review of the record compels us to agree. Therefore, we must

## Order

And Now, this 20th day of October, 1976, the order of the Unemployment Compensation Board of Review is hereby affirmed.

---

[2] Furthermore, in a dialogue between the referee and employer's representative, the employer indicated the Appellant could come back to work. When the referee told Appellant, "You should ask for your job back . . . ," Appellant answered, "No way."