Donald R. Stockdill *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Donald R. Stockdill, Appellant.

Argued October 28, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Timothy P. O'Brien,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 8, 1977:

This appeal stems from the decision of the Unemployment Compensation Board of Review (Board) denying benefits to Donald Stockdill (Claimant).

Claimant, an unemployed, qualified crane operator, testified at his hearing before the referee that he had left his home in Georgetown, Pennsylvania, to travel to Brooksville, Kentucky, where he had been informed that positions as crane operators were available. Claimant was subsequently hired by the Seaward Construction Company (Seaward). In response to questions of the referee, Claimant admitted neither job duties nor salary was specified by his employer when he was hired. In fact, Claimant was hired as an unskilled laborer and worked loading poles onto trucks for as many as twelve hours a day at a rate of pay which, he testified, was far less than he had contemplated. Claimant left the job after three days, infering in his testimony that until that time he was unaware of the true nature, conditions and compensation of his new employment. Subsequently, he applied for unemployment compensation benefits. The Bureau of Employment Security (Bureau) denied benefits based

upon Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The referee assigned to the case, after a hearing, affirmed the Bureau's determination. Upon appeal, the Board affirmed the referee and likewise denied benefits to Claimant. It is from this denial that Claimant appeals, alleging error only in the Board's determination of suitability.

Section 402(b)(1) of the Act provides that an employe shall be ineligible for unemployment compensation benefits for any week in which the unemployment is due to his voluntarily leaving work without cause of a necessitous and compelling nature. The section further provides that in the determination of whether a necessitous and compelling cause exists, consideration is to be given to the factors provided under Section 4(t) of the Act, 43 P.S. §753(t), with respect to suitability. As we stated in *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 451, 327 A.2d 199, 201 (1974), Section 402(b)(1) "expressly requires the compensation authorities to consider the suitability of the job which a claimant has quit in determining whether a termination was for necessitous and compelling reasons." The Court wrote:

> By voluntarily accepting a job which he subsequently quits, a claimant has admitted to its initial suitability with respect to wages and conditions of employment; and this evidence must be overcome by evidence of a change in conditions of employment or that the claimant was deceived as to or not aware of the conditions later alleged to be onerous when he entered the employment relationship.

15 Pa. Commonwealth Ct. at 451, 327 A.2d at 201.

It is Claimant's contention that he was unaware of the conditions of his job when he went to work for Seaward. Despite *Mosley, supra* and Claimant's attempt to rebut the presumption of suitability, the referee in his decision made no determination as to suitability. The Board, in what appears to be an attempt to remedy this apparent omission, and without taking additional testimony, included the following paragraph in the discussion section of its decision:

> The Board of Review wishes to note that any argument that the job in Kentucky was 'unsuitable work' for the claimant is rebutted by the fact that the claimant knew of the requirements and conditions of the job and decided to take it. See Mosley v. Unemployment Compensation Board of Review, 15 Pa. Commonwealth Ct. 447 (1974).

It is beyond discussion that in unemployment compensation cases review by this Court is limited to questions of law and a determination of whether the findings of fact are supported by the evidence, leaving to the Board questions of credibility and evidentiary weight. *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976). Furthermore, it is clear that the party prevailing before the Board is to receive the benefit of any inferences which can reasonably be drawn from the evidence. *Unemployment Compensation Board of Review v. Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976).

Statements of Claimant to the effect that he did not know or bother to ask about the nature of his job duties or his rate of pay, are the only evidence of record going to the question of suitability. It is well recognized in unemployment compensation cases that questions of credibility and evidentiary weight are

for the Board and it may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975); *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973). Reviewing the Board's decision, it is apparent from its comment "claimant knew the requirements and conditions of the job and decided to take it," that the Board felt that Claimant had not overcome the presumption of suitability and chose therefore to reject his testimony, accepting instead inferences from Claimant's conduct. Under the guidelines of *Hart, supra,* we cannot say the Board erred, as it was clearly free to reject Claimant's uncontradicted statements if it deemed them not credible. We therefore uphold the Board's suitability determination and affirm.

Accordingly, we

ORDER

AND Now, this 8th day of February, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.