522 A.2d 713

Mellissa D. Fox, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Ronald L. Russell,* for petitioner.

*Samuel H. Lewis,* Assistant Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 18, 1987:

Mellissa D. Fox (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's determination denying Claimant unemployment compensation benefits pursuant to Sections 402(b) (voluntary quit without necessitous and compelling reasons) and 401(d)(1) (unavailability for suitable work) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(b), 801(d)(1). We affirm.

The referee found that Claimant had been employed by Kittanning Dairy Queen (Employer) as a counter clerk and that she quit her job because her doctor recommended that she not stand for more than one hour at a time, that she not lift over fifteen pounds, and that she avoid toxic fumes. Although not found as a fact by the referee, *Claimant's medical restrictions were apparently due to her pregnancy,* a fact apparently not in dispute. The referee also found that Claimant's doctor had not specifically told Claimant to quit her job but merely advised her of the above-noted limitations. Claimant presented a doctor's note to Employer as medical certification for an absence, but the note did not contain a list of the above-mentioned limitations. In addition, Claimant never explained her limitations to Em-

ployer. Instead, she merely quit on May 8, 1985 refusing, at the behest of her husband, even to finish out the week. The referee also found that continuing work was available to Claimant and that Claimant was not available for employment. Having found that Claimant had not informed Employer of the limitations placed upon her but, instead, had told Employer that her doctor had advised her to quit, the referee denied benefits. The Board summarily affirmed.

On appeal here Claimant asserts several errors. She contends that the referee capriciously disregarded the evidence in making his findings. The proper inquiry, however, is whether the findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Claimant's argument that the findings are unsupported is totally lacking in merit. Claimant herself testified that her doctor would have permitted her to work until approximately three weeks before her due date of August 15, 1985 (N.T. p. 3), yet she terminated her employment on May 8, 1985. In addition, while she testified that she told Employer she had physical limitations, she never asserted that she had informed Employer what those limitations were. Furthermore, her failure to specify the limitations was also attested to by Employer's witness. Claimant also maintains that the Board violated *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982) by merely affirming the referee's decision without making its own findings. *Treon,* however, requires specific *Board reasoning,* not findings, only when the testimony before the referee is consistent and uncontradicted *and* the Board rejects the referee's findings. Neither of those criteria applies in the instant case and thus the Board was not required to give its own reasoning.

Claimant further asserts that the referee should have made certain that a note, purportedly from her doctor

advising her to quit, was placed into evidence. As we have previously stated, the referee's role is not that of advocate. *Brennan v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 265, 487 A.2d 73 (1985). Therefore we decline to hold, as Claimant urges, that the referee committed error in not asking to see this document.

Claimant next contends that communication of her specific physical restrictions to Employer was unnecessary because she knew that Employer had no existing job that she could perform. It is axiomatic that medical reasons can provide necessitous and compelling reasons for a voluntary quit and that a claimant bears the burden of proving that such reasons precipitated the quit. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). In addition, it is well-established that a claimant has an obligation to communicate her medical problems to her employer and to *explain* her inability to perform her regularly assigned duties. *Id.* Claimant's argument that advising her Employer of her medical limitations would be futile misses the point. Only through communication can an employer be afforded an opportunity to *accommodate* a claimant's problem by offering suitable work. *See Genetin; Bonanni v. Unemployment Compensation Board of Review,* 102 Pa. Commonwealth Ct. 541, 519 A.2d 532 (1986); *Beattie v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 324, 500 A.2d 496 (1985); *Gennaria v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 354, 461 A.2d 918 (1983). Moreover, a claimant would not necessarily be aware that an employer *has* suitable work because a suitable position may in fact be one specially created for the claimant.

Claimant also argues that the referee and Board violated the dictates of *Deiss v. Unemployment Compensa-*

*tion Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). Specifically, Claimant asserts that the referee denied benefits to Claimant because she quit without being under a doctor's advice to do so. It is true that the Law does not require as a prerequisite to establishing necessitous and compelling reasons for a medical quit that the quit be made upon the advice of a doctor. *Id*. But the referee here did not disqualify Claimant because she quit without being specifically directed to do so by a doctor; he disqualified her because she quit without giving Employer notice of her limitations and thus precluded Employer from the opportunity of accommodating her situation. Thus, *Deiss* is not controlling here.

Having determined that Claimant was properly disqualified on the basis of Section 402(b), we need not reach the Section 401(d)(1) issue and hence will affirm the decision of the Board.[1]

## ORDER

Now, March 18, 1987, the order of the Unemployment Compensation Board of Review, No. B-242361 dated August 6, 1985, is hereby affirmed.

---

[1] We note that the Office of Employment Security did not rule upon the Section 401(d)(1) issue and therefore the referee may have violated Board Regulation 101.87, 34 Pa. Code 101.87, in considering this matter. But because Claimant was properly disqualified under Section 402(b), the referee's consideration of this additional issue was, at most, harmless error.