555 A.2d 279

## Nancy M. Blackwell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*David B. Torrey, Thomson, Rhodes & Cowie,* for petitioner.

No appearance for respondent Board.

*Thomas M. Dailey, Goodwin, Procter & Hoar,* and *William D. Boswell, Boswell, Tintner & Piccola,* for respondent, Wang Laboratories, Inc.

OPINION BY JUDGE DOYLE, March 2, 1989:

This is an appeal[1] by Nancy M. Blackwell (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination and denied Claimant benefits pursuant to Section 402(b) of the Unemployment Compensation Law, (Law) Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntarily quitting work without necessitous and compelling reasons).

The Board, although it affirmed the referee's decision, made its own findings on appeal. It determined that Claimant had been employed by Wang Industries (Employer) as a systems consultant and that her last day of work was June 9, 1987. The Board further determined that Claimant had filed a complaint in October 1986 with the Equal Employment Opportunity Commission alleging discrimination. Subsequent thereto Claimant believed that she was subject to harassment regarding her job performance by certain management personnel. Claimant then voluntarily terminated her employment

---

[1] This case was reassigned to the opinion writer on January 24, 1989.

because she believed that this harassment adversely affected her health. The Board further found that she was not specifically advised by her psychologist to resign and that she did not communicate to Employer any health problems prior to her resignation. Additionally, the Board specifically found that Claimant had not, in fact, been harassed at work and further stated that even if Claimant's evidence were deemed credible she would not be entitled to benefits because she had not informed Employer of her health problem prior to resigning. Accordingly, it denied benefits on the basis of Section 402(b) of the Law. Claimant then appealed to this Court.

On appeal here Claimant contends first that the Board capriciously disregarded competent evidence[2] in concluding that she did not have necessitous and compelling reasons for quitting and second, that the Board erred in concluding that Claimant had not effectively notified Employer of any health problems. Where, as here, the burdened party[3] was the only one to present evidence[4]

_____

[2] Counsel has argued alternatively that there was not substantial evidence to support the Board's conclusion professing uncertainty with regard to the current state of the law on the subject of this Court's scope of review over appeals from administrative agencies under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, because of seemingly conflicting Supreme Court opinions. *Cf. Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986) *with Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987). We can appreciate the practicing bar's confusion in this regard and commend counsel for his thorough research on this issue. This Court has recently again attempted to clarify this area of the law. *See Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

[3] Claimant bore the burden of proving necessitous and compelling reasons for her voluntary quit. *Quartz v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 611, 364 A.2d 961 (1976). Medical reasons can constitute necessitous and compelling ones. *Fox v. Unemployment Compensation Board of Review*, 105

and that party did not prevail below, our scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there has been a constitutional violation or an error of law. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant contends that the Board violated the dictates of *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987), by not making sufficiently specific credibility determinations. We disagree. The Board specifically found that Claimant had not been harassed at work. It, thus, clearly rejected Claimant's evidence. Claimant, nonetheless, contends that such rejection was arbitrary and capricious because her testimony was unrebutted. A capricious disregard of the evidence has been defined as the disbelief of testimony which an individual of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Miceli v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 505, 512 n.2, 502 A.2d 297, 300 n.2 (1985). Despite Claimant's contention, it is clear that the Board can reject even uncontradicted evidence if it deems such evidence to be incredible. *Stockdill v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 516, 368 A.2d 1341 (1977); *cf. Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982) (Board cannot reject *referee's findings* based on

---

Pa. Commonwealth Ct. 7, 522 A.2d 713 (1987), *petition for allowance of appeal denied,* 517 Pa. 600, 535 A.2d 1058 (1987).

[4] Employer presented evidence by telephone. Upon objection, however, this evidence was stricken because Claimant did not consent to Employer's testimony by telephone. *See Knisley v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985).

uncontradicted evidence without giving its reasons for doing so).

Our review of the record reveals that Claimant's testimony as to her medical problems was somewhat vague. For example, her only evidence of medical difficulties was her testimony of sleeping problems and a stomachache. Concededly, her psychologist gave more details, but as we will explain this fact does not alter our decision. As to her charge of harassment, Claimant complained principally that Employer called her customers to determine if they were satisfied with Claimant, switched some of Claimant's customer accounts and did not select her to participate in certain seminars. Certainly, these matters could be viewed as within the realm of managerial prerogative and Claimant did not present evidence that others who were similarly situated were not also subject to such actions. Accordingly, the Board could reasonably have had some doubt as to Claimant's interpretation of these events and we, therefore, conclude that it has not exhibited a capricious disregard of the evidence in rejecting her testimony.

As previously indicated, there may arguably be sufficient medical evidence to demonstrate necessitous and compelling reasons for a quit. Claimant, however, is still precluded from receiving benefits because she did not give the requisite notice.[5] The law is clear that a claimant

---

[5] Because Claimant did not give notice it is unnecessary to concern ourselves with whether the Board failed to consider her doctor's testimony which it admittedly did not mention in its adjudication. Similarly, we need not attempt to divine whether the Board denied benefits because it observed that Claimant's doctor had not specifically advised Claimant to quit her job. Admittedly, such advice is not a necessary prerequisite to demonstrating necessitous and compelling reasons for a health quit. *See e.g., Goettler Distributing, Inc. v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 632, 508 A.2d 630 (1986).

who desires to quit a job for health reasons must communicate her health problems to her employer so that the employer can attempt to accommodate the problem. *Fox v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 7, 522 A.2d 713, *petition for allowance of appeal denied*, 517 Pa. 600, 535 A.2d 1058 (1987). Claimant, in support of her burden on the issue of notice, testified only that she did indicate to Employer's representative that she was "experiencing emotional problems" but when asked whether she explained that the problems were work-related she stated that she could not "recall the exact adjectives and verbiage [sic] used." N.T. 22.[6] As a matter of law this evidence is insufficient to meet her burden to provide notice. Thus, Claimant must be denied benefits.

Affirmed.

## ORDER

NOW, March 2, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[6] Claimant also relies upon her resignation letter as evidence that she gave the proper notice. This letter states in pertinent part:

> This memo is notification of my resignation from Wang Laboratories, Inc. I do not feel I can continue to function in my position (Systems Consultant) under the existing stressful environment. This includes all emotional pressures and high stress related situations created by Wang Management in regard to myself and my professionalism.

This letter is not only vague with respect to Claimant's medical condition, but any notice therein, since it was given at the same time as Claimant's resignation, came too late to permit Employer to accommodate Claimant. *See Fox.* The fact that the letter of resignation gave Employer two weeks notice does not alter our opinion in this regard inasmuch as the letter not only constituted an unconditional resignation, but was vague. Similarly, Claimant's doctor's note, dated subsequent to her resignation, is ineffective to establish proper notice.

Judge MACPHAIL did not participate in the decision in this case.

———

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

Petitioner testified that she was unable to sleep, had stomach problems and took medication for anxiety. She consulted a psychiatrist who told her that the circumstances surrounding her work were too stressful and that she should not continue to work in such a stressful environment. N.T. at 10-11. The employer presented no evidence to establish that the work did not adversely affect the petitioner's health, or that she had no other alternative but to terminate her employment.

Here, the Board erred in focusing only on petitioner's health, specifically, that petitioner's health was not severe enough to compel her to quit, and that it was not communicated to her employer. However, there is no requirement that petitioner's health must be affected in order to be a compelling and necessitous cause. "'Good cause' for voluntarily leaving one's employment (*i.e.* that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977).

Since I feel that the Board's adjudication contained an error of law by using an improper standard, I would vacate and remand.