580 A.2d 877

**COMMONWEALTH of Pennsylvania**

v.

**Bennie Harry BRIMAGE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 9, 1990.

Decided Sept. 7, 1990.

Reargument Denied Oct. 17, 1990.

Paul R. Gettleman, Zelienople, for appellant.

Maria V. Copetas, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

TAMILIA, Judge:

On November 1, 1979, appellant was convicted by a jury of first degree murder and violating the Uniform Firearms Act and sentenced to imprisonment for the rest of his natural life. On April 2, 1982, the Supreme Court affirmed the judgment of sentence per curiam. *Commonwealth v. Brimage*, 497 Pa. 589, 442 A.2d 693 Appellant subsequently filed a Post Conviction Hearing Act (PCHA) petition, counsel was appointed and hearings were held on December 20, 1982 and June 24, 1983. On October 28, 1983, the petition was denied after the court found appellant's claims of ineffective assistance of trial counsel to be without merit, and no appeal was taken.

The issue before us concerns appellant's second petition for post-conviction collateral relief, this time under the Post Conviction Relief Act (PCRA).[1] In his petition, appellant alleges ineffectiveness of PCHA counsel for failure to file an appeal from the denial of his PCHA petition. The trial court denied appellant's PCRA petition without a hearing, finding appellant is not entitled to relief under the PCRA and further proceedings would serve no purpose. Appellant appeals from this Order[2] arguing his absolute right to appeal from the original PCHA denial should be reinstated and the court erred in dismissing his PCRA petition without a hearing.

The Pennsylvania Constitution provides a right of appeal to criminal defendants:

1. Effective April 13, 1988, the Pennsylvania Legislature repealed in part and substantially modified in part the Post Conviction Hearing Act, renaming it the Post Conviction Relief Act. Act of April 13, 1988, No. 47 § 3, 1988 Pa.Legis.Serv. 227, 42 Pa.C.S. §§ 9541–9546.

2. The Order denying appellant's PCRA petition is accompanied by an Opinion and dated December 5, 1989. Appellant, however, fails to append this Opinion to his brief and instead includes the Opinion relating to the denial of the PCHA petition. Appellant also lists the "Order in Question" as the October 30, 1989 Order of Court which actually is a notice of intent to dismiss which is not an appealable Order. The notice of appeal does state the Order being appealed is the December 5th Order and we will proceed accordingly.

## § 9. Right of appeal

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

Article 5, § 9. The courts of this Commonwealth have long held that this right of appeal is absolute to criminal defendants where it is a direct appeal from the judgment of sentence. In *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 561 A.2d 756 (1989), the defendant was found guilty of rape and terroristic threats. His post-trial motions were denied, he was sentenced and no appeal was taken from the judgment of sentence. Through new counsel, appellant subsequently filed a PCRA petition alleging his trial counsel was ineffective for failing to file a direct appeal, and appellant requested the court to allow an appeal nunc pro tunc. The trial court found trial counsel had, in fact, failed to file the appeal but did not find ineffectiveness because the court found the underlying issues to be without merit. On appeal, this Court found it was error to deny a defendant's right to appeal from the judgment of sentence.

"[A]n accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, i.e. for not protecting the accused's right in the absence of an effective waiver."

*Id.*, 385 Pa.Superior Ct. at 444, 561 A.2d at 759, *quoting Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980).

The appellate courts have never dealt directly, however, with the issue in the instant case, i.e. whether a defendant has an absolute right to appeal from an Order denying a first-time petition for post-conviction collateral relief. The issue was hinted at in *Hoyman* where we said:

[*Commonwealth v. Ciotto*, 382 Pa.Super. 458, 555 A.2d 930 (1989)] indicates that the right of *direct* appeal is superior to that of an appeal in collateral proceedings

because appellant need not establish the merit of the issues he seeks to raise. The Court in [*Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477 (1980)] recognized as much when it noted, "[the] requirement that counsel protect the appellate right of an accused extends even to circumstances where the appeal is 'totally without merit.' " *Wilkerson, supra,* 490 Pa. at 299, 416 A.2d at 479.

Nor do the decisions in *Commonwealth v. Lawson,* [519 Pa. 504, 549 A.2d 107 (1988)] and [*Blackwell v. Commonwealth,* 124 Pa.Cmwlth. 9, 555 A.2d 279 (1989)] command a contrary result. Although *Lawson* and *Blackwell* have some similarities to the case before us, there is a critical distinction between them. Mr. Lawson was the beneficiary of one (1) direct appeal and Mr. Blackwell was the beneficiary of two (2) direct appeals. Mr. Hoyman, through no fault of his own, has had none. Thus, Mr. Lawson's and Mr. Blackwell's constitutional rights to take a direct appeal were not violated and the only remaining source of relief was in a collateral proceeding where the underlying substantive issues were presented in the context of ineffective counsel. Here, Mr. Hoyman having established that an important state constitutional right has been denied him is entitled to have that right reinstated and to proceed with a direct appeal. In the case at bar, appellant told the Assistant Public Defender who had represented him at trial he wanted to take a direct appeal, and it was determined at the PCRA hearing that she knew of appellant's request that a direct appeal was to be filed on his behalf. Through no fault of his own a direct appeal was not filed. Because a miscarriage of justice has occurred in the case at bar, appellant is entitled to the relief he seeks in this PCRA proceeding, i.e., a *direct* appeal.

*Id.,* 385 Pa.Superior Ct. at 445, 561 A.2d at 759 (emphasis in original).

▉ Although *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), like *Hoyman, supra,* does not specifically address the question at issue here, a careful reading

of *Lawson* leads us to the conclusion that an appeal from an Order denying post-conviction relief is not an absolute right, even when it is the first petition for relief. In *Lawson*, the defendant was tried by the court sitting without a jury and convicted of first degree murder on September 10, 1974. Trial counsel filed boilerplate post-trial motions which were denied and no appeal was taken. The defendant, with new counsel, filed a petition for post-conviction relief alleging ineffectiveness of trial counsel, and the court granted leave for defendant to file post-trial motions nunc pro tunc. The court heard argument on the motions, denied them and defendant took appeals to this Court and the Supreme Court, all without obtaining the desired relief. A petition for writ of certiorari to the United States Supreme Court was also denied. In February, 1981, the defendant filed his second petition for post-conviction relief, alleging ineffectiveness of trial and appellate counsel for failure to raise the issue of a Rule 1100 violation. This petition was denied without a hearing and defendant followed up with a third and fourth petition for relief. Our Supreme Court found that PCHA proceedings could not be used by defendants to destroy the concept of finality of verdicts in criminal cases. After reviewing the provisions of the PCHA, the Supreme Court said:

> [W]e cannot permit our continuing concern for assuring that persons charged with crime receive competent representation in their defense to be exploited as a ploy to destroy the finality of judgments fairly reached. We therefore conclude that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.
>
> We are satisfied that, under our rules, we have provided ample safeguards to assure that a person convicted of a crime is provided ample opportunity to assert a legitimate complaint. In this case, after the initial grant of P.C.H.A. relief, the appellee raised a direct appeal which included review by the Special Transfer Docket Panel, by

this Court on a Petition for Allowance of Appeal, and also by the United States Supreme Court by Writ of Certiorari. In addition, there were other petitions, filed, albeit *pro se*, requesting further collateral review which were denied.

We hold today that the mere assertion of ineffective assistance of counsel is not sufficient to override the waiver and "finally litigated" provisions in the P.C.H.A., as to permit the filing of repetitive or serial petitions under the banner of that statute.[12]  A repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate.  With regard to the instant case, the petitioner does not attack the fairness of the trial that resulted in his conviction, nor does he even assert that he was innocent of the criminal charges involved.  What he seeks to do is to negate his obligation to stand trial, and in that effort relies on a procedural technicality.  There has been no showing of a miscarriage of justice that would warrant entertaining his repetitive application for collateral relief.  This petition should have been dismissed by the court without a hearing.

----

[12] The new provisions enacted by the General Assembly in the Act of April 13, 1988, clearly reflect a legislative perception that courts had been too generous in entertaining claims for relief under the former statute.  For example, under the new 42 Pa.C.S. § 9543(a)(2)(ii), a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Id.*, 519 Pa. at 513, 549 A.2d at 112.

Thus, defendant Lawson filed his first PCHA petition to reinstate his rights to file appropriate post-trial motions and take a direct appeal from the judgment of sentence, which, as we have previously stated, is an absolute right in criminal cases.  His second PCHA petition raised issues of

ineffectiveness and at this point, the Supreme Court said such petitions must show relief is warranted due to a miscarriage of justice; allegations of ineffectiveness are not sufficient to support review of repetitive PCHA petitions. Although Lawson was claiming a procedural defect which would have freed him from a life sentence, it was necessary to show a "miscarriage of justice" to be eligible for collateral relief.

█ Appellant's situation can be equated with defendant Lawson's situation and for that reason we deny appellant's claim. Appellant took a direct appeal from his judgment of sentence and the Supreme Court affirmed the jury verdict. Appellant filed a PCHA petition, hearings were held and the petition was subsequently denied. No appeal was taken so appellant filed a second petition for post-conviction relief, this time under the PCRA, which has stricter standards to meet to obtain relief. *See Lawson, supra,* n. 12. Appellant claims he has an absolute right to appeal from an Order of the PCHA court, but *Lawson* proves otherwise. Even though appellant's second petition actually seeks an appeal from the first petition, appellant must meet the requirements set forth in the PCRA to obtain relief and this he fails to do. There is not an absolute right to appeal from a PCHA or PCRA Order once a direct appeal from the judgment of sentence has been taken; nor is appellant entitled to a hearing on the second petition he filed.

The Supreme Court promulgated rules of criminal procedure, effective July 1, 1989, which authorize disposition without a hearing of post-conviction petitions for collateral relief.

### Rule 1507. Disposition Without Hearing

(a) The judge shall promptly review the motion, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further

proceedings, the judge shall give notice to the parties of the intention to dismiss the motion and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 10 days of the date of the notice. The judge thereafter shall either order the motion dismissed, or grant leave to file an amended motion, or direct that the proceedings continue.

Pa.R.Crim.P. 1507(a).

The Comment to Rule 1507 states:

The judge is permitted, pursuant to paragraph (a), to summarily dismiss a motion for post-conviction collateral relief in certain limited cases. To determine whether a summary dismissal is appropriate, the judge should thoroughly review the motion, the answer if any, and all other relevant information that is included in the record. If after this review, the judge determines that the motion is patently frivolous and without support in the record, or that the facts alleged would not, even if proven, entitle the defendant to relief, or that there are no genuine issues of fact, the judge may dismiss the motion as provided herein.

A summary dismissal would also be authorized under this rule if the judge determines that a previous motion involving the same issue or issues was filed and was finally determined adversely to the defendant. A second or subsequent motion should be summarily dismissed when the judge determines that the defendant has failed to make a strong prima facie showing that a miscarriage of justice may have occurred. See *Commonwealth v. Lawson,* 467 Pa. 15 [519 Pa: 504], 549 A.2d 107 (1988).

■ The trial court thoroughly reviewed appellant's petition claiming counsel was ineffective for failing to file an appeal and the court found appellant was not entitled to relief under the PCRA, 42 Pa.C.S. § 9543, Eligibility for relief. As authorized by Rule 1507, the court disposed of the petition without a hearing since the court believed no purpose would be served by further proceedings. We find

the trial court acted properly as appellant is not entitled to relief under the PCRA and we affirm the Order.

Order affirmed.

JOHNSON, J. files a concurring opinion.

JOHNSON, Judge, concurring.

On October 30, 1989, the Honorable Gerard M. Bigley entered an order pursuant to Pa.R.Crim.P. 1507(a). Judge Bigley was satisfied that there were no genuine issues of material fact, that Bennie Harry Brimage (Brimage) was not entitled to P.C.R.A. relief, and that no purpose would be served by further proceedings. The trial court gave Brimage notice of its intention to dismiss the P.C.R.A. petition. In response, counsel for Brimage did nothing more than to restate that Brimage's 1982 P.C.H.A. counsel was "ineffective for not taking an appeal" from the trial court's order denying post-conviction relief filed October 31, 1983. Understandably, in my view, Judge Bigley thereupon filed an opinion and order denying P.C.R.A. relief.

I would agree with my distinguished colleagues that the order denying P.C.R.A. relief must be affirmed. However, I would not reach the question of whether a defendant has an absolute right to appeal from an order denying a first-time petition for post-conviction relief. On the facts of this case, the order denying P.C.R.A. relief must be affirmed based solely upon the posture adopted by Brimage through his counsel.

Brimage was convicted by a jury of first degree murder and sentenced to life imprisonment. That judgment of sentence was affirmed by our Supreme Court. *Commonwealth v. Brimage*, 497 Pa. 589, 442 A.2d 693 (1982) (Per Curiam). Brimage filed a *pro se* petition for relief under the Post Conviction Hearing Act in June, 1982. Counsel was appointed and, on December 20, 1982, a hearing was held. On October 31, 1983, Judge Bigley filed an eleven page opinion together with an order of court, dated October

28, 1983, dismissing the P.C.H.A. petition. No appeal was taken from the 1983 order denying P.C.H.A. relief.

Now, six years later, in August 1989, a motion for post-conviction collateral relief is filed, on a form made obsolete by the Post Conviction Relief Act, as amended April 13, 1988, immediately effective. The original 1989 petition found in the record certified to this court has neither been signed nor verified by the defendant, Brimage. Petition Under Post Conviction Hearing [sic] Act, filed August 3, 1989, page 6, R.R. 19a. The fact that the petition has not been verified is enough, in my judgment, to warrant our affirmance of the trial court order denying relief. Pa.R. Crim.P. 1501, 1502(a)(14). *See* 42 Pa.C.S. § 9545(b).

If we ignore the fact that Brimage has neither signed nor verified the petition, the claimed eligibility for relief arises from (1) alleged ineffectiveness of counsel and (2) "the abridgement of a right guaranteed by the constitution ...," apparently the alleged "absolute right of appeal" mentioned in the Brief of Appellant.

Judge Bigley correctly looked to the Post Conviction Relief Act to determine whether Brimage was eligible for any relief. Judge Bigley found, as would I, that Brimage's claims are not cognizable under the Act.

The Post Conviction Relief Act is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that existed in April 1988, including habeas corpus and coram nobis. 42 Pa.C.S. § 9542. The Act is not intended to provide a means for raising issues waived in prior proceedings. *Id.*

First Brimage's claim that his 1982 P.C.H.A. counsel was ineffective because "counsel failed to file an appeal," is without merit. I agree with Judge Bigley that the mere assertion that prior counsel failed to file an appeal, without more, does not bring into question the reliability of the adjudication of guilt. Under the Act, eligibility based upon ineffectiveness of counsel must result from:

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2)(ii), (emphasis added). Brimage has not set forth in his brief, and I cannot fathom, how the failure to file an appeal in a collateral proceeding operates to so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Under the Act itself, the ineffectiveness claim must fail.

Moreover, even if the statute by its express terms did not preclude Brimage's first claim, the law of our Supreme Court is dispositive. In *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), our Supreme Court announced that a second or any subsequent post-conviction request for relief should not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. Rather than addressing himself with, and directing this court's attention to, any perceived miscarriage of justice, present P.C.R.A. counsel merely tells us that, in the event an appeal is allowed, Brimage and/or his counsel will assert "all the matters raised in the lower court in the [1982] PCHA petition." Petition, *supra*, page 3, R.R. page 16a.

More recently, our Supreme Court once again has instructed us that allegations of the deprivation of the right to effective counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant. *Commonwealth v. Hutchinson*, 521 Pa. 482, 486, 556 A.2d 370, 372 (1989). As the Commonwealth points out in its brief, Brimage has failed to articulate for this court what issues he wished to have raised on direct appeal. The 1982 Petition contains twelve numbered paragraphs of allegations along with, at least, fifteen subparagraphs. At the time the 1982 petition was originally filed, Brimage asserted that he intended to pursue all those issues raised within those paragraphs and sub-paragraphs. I would neither assume

that all twenty-seven issues are proper subjects for appeal nor would I relieve Brimage of his obligation to argue to this court whether *any* of those twenty-seven issues involve a miscarriage of justice.

Finally, *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981) remains good law. Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel must set forth, in the P.C.R.A. petition now before this court, an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that prior counsel may have, in fact, been ineffective. Assuming that ineffectiveness claims may be laid against counsel who has appeared in a collateral proceeding, successor counsel still would have the obligation of detailing sufficient facts, accompanied by meritorious arguments, to support the claimed ineffectiveness. Here, counsel has done neither.

With respect to Brimage's second issue, the alleged "absolute right of appeal," the short answer is simply that the Act contains no such provision. 42 Pa.C.S. § 9550(b) (repealed) provided, at the time the order denying the 1982 P.C.H.A. petition was entered, that "This order [finally disposing of the petition] constitutes a final judgment for purposes of review." The language is carried forward almost verbatim into the P.C.R.A., where it sets forth, in 42 Pa.C.S. § 9546(c):

(c) **Status of order.**—The order constitutes a final judgment for purposes of review.

Brimage would have us restore his right to appeal the issues contained in his 1982 P.C.H.A. petition, more than seven years after those issues had been reviewed by the trial court and rejected in a careful and thorough opinion. He has not explained to my satisfaction why he is not bound by the Act, which, in pertinent part, provides:

§ 9544. **Previous litigation and waiver**

(a) **Previous litigation.**—For the purpose of this subchapter, an issue has been previously litigated if:

. . . .

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S. § 9544(a)(3). To be eligible for relief, a person must both plead and prove by a preponderance of the evidence, among other things, that the allegation of error has not been *previously* litigated. 42 Pa.C.S. § 9543(a)(3). The former requirement, that an issue be *"finally* litigated" (former 42 Pa.C.S. § 9544(a), repealed by amendment, Act 47 of 1988, April 13, 1988, P.L. 336, at 340), along with its requirement that the petitioner "has knowingly and understandingly failed to appeal the trial court's ruling" is no longer the law. Under the present Act, the mere fact that Judge Bigley did, in 1982 and 1983, consider and decide the only issues now urged upon this court is sufficient to end the matter. And this most certainly must be true where there is not even an attempt to argue a miscarriage of justice, other than in the abstract.

I would not reach the issue of any alleged absolute right of appeal on the facts presented here. The appellant has not brought any food for thought to the table. The statute is clear. I would affirm. And I would acknowledge the concise and cogent opinion of the distinguished trial judge, the Honorable Gerard M. Bigley.