J-S92041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| BENJAMIN JOHN HATHAWAY, | : | |
| Appellant | : | No. 1123 WDA 2016 |

Appeal from the PCRA Order July 5, 2016
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000501-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| BENJAMIN JOHN HATHAWAY, | : | |
| Appellant | : | No. 1233 WDA 2016 |

Appeal from the PCRA Order August 2, 2016
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000501-2003

BEFORE:   SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 16, 2017**

Benjamin John Hathaway (Appellant) appeals *pro se* from the orders

entered on July 5, 2016[1] and August 2, 2016,[2] which denied his petition filed

---

[1] Docket number 1123 WDA 2016 is an appeal from an order entered on July 5, 2016, which was entered pursuant to Pa.R.Crim.P. 907 to notify Appellant of the PCRA court's intention to dismiss the petition without a hearing.  An order entered pursuant to Pa.R.Crim.P. 907 is an interlocutory order and is

*Retired Senior Judge assigned to the Superior Court.

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

Upon review, we quash the appeal from the order entered July 5, 2016 and

affirm the order entered August 2, 2016.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012)

(citations and quotation marks omitted).

On April 14, 2004, Appellant was sentenced to an aggregate term of

ten to 25 years of incarceration. This Court affirmed Appellant's judgment of

sentence on June 30, 2005, and our Supreme Court denied Appellant's

petition for allowance of appeal on December 1, 2005. ***Commonwealth v.***

***Hathaway***, 881 A.2d 833 (Pa. Super. 2005), *appeal denied*, 889 A.2d 1214

(Pa. 2005). Appellant did not file a writ of *certiorari* to the United States

Supreme Court; thus, his judgment of sentence became final ninety days

---

not appealable. ***See Commonwealth v. Brimage***, 580 A.2d 877 n.2 (Pa. Super. 1990). Accordingly, we quash that appeal.

[2] This appeal is docketed at 1233 WDA 2016.

later, on March 1, 2006. **See** U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until March 1, 2007, to file timely a PCRA petition.[3]

On June 29, 2016, Appellant filed a motion to "correct illegal sentence-merger issues." Motion, 6/29/2016. On July 5, 2016, the PCRA court issued a memorandum and notice of intent to dismiss the motion without a hearing. Specifically, the PCRA court treated Appellant's motion as a PCRA petition[4] and concluded that it was untimely filed and did not plead or prove any exception set forth in 42 Pa.C.S. § 9545(b). On August 2, 2016, the PCRA court dismissed Appellant's petition. Appellant filed timely a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

The instant motion, filed on June 29, 2016, is patently untimely. Based on the foregoing, we conclude the PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. **See** 42 Pa.C.S.

---

[3] In October 2006, Appellant filed *pro se* his first PCRA petition. Counsel was appointed and an amended petition was filed. The PCRA court concluded an evidentiary hearing was unnecessary and denied Appellant's petition for PCRA relief. Appellant timely filed a notice of appeal to this Court. On August 15, 2008, this Court affirmed the order of the PCRA court. **Commonwealth v. Hathaway**, 961 A.2d 1275 (Pa. Super. 2008).

[4] "[A] defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

- 3 -

§ 9545(b)(1).   Appellant failed to do so. Accordingly, the PCRA court properly dismissed his petition.

Order affirmed at docket number 1233 WDA 2016.  Appeal quashed at docket number 1123 WDA 2016.  Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017