J-S07020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT A. BITTINGER | : | |
| | : | |
| Appellant | : | No. 1741 MDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-MD-0000520-1985

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: MAY 22, 2019**

Robert A. Bittinger appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546. We affirm.

In 1985, Bittinger pled guilty to first-degree murder and criminal conspiracy[1] in connection with the contract killing of his co-worker's wife. After we remanded the case for resentencing, the court sentenced Bittinger to serve a sentence of life imprisonment followed by a consecutive term of five to ten years' imprisonment. We affirmed this judgment of sentence in 1986.

---

\*   Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502(a) and 903, respectively.

The following year, Bittinger filed a petition for relief under the predecessor to the PCRA, the Post Conviction Hearing Act.[2] After appointing counsel and holding a hearing, the PCHA court denied relief. On appeal, this Court affirmed.

In 1995, Bittinger filed a *pro se* "request for certain court records," which the court treated as a serial PCRA petition. **See** PCRA Court Order, filed 1/24/95, at 1. The court dismissed the petition without a hearing. In 1997, Bittinger filed another PCRA petition that the court dismissed. Bittinger did not appeal from the dismissal of his 1995 or 1997 petitions.

In 2016, Bittinger filed another PCRA petition, which the court dismissed as untimely. We affirmed the dismissal in September 2017.

On August 29, 2018, Bittinger filed the *pro se* PCRA Petition which gives rise to the instant appeal. In the Petition, Bittinger launched several attacks on the validity of his judgment of sentence that we need not repeat here. Relevant to our disposition, Bittinger asserted the Petition was timely under the "governmental interference" exception to the PCRA's timeliness limitations. **See** 42 Pa.C.S.A. § 9545(b)(1)(i). Bittinger argued that his 1995 petition was timely and that the PCRA court judge who dismissed that petition was biased and had a conflict of interest. Specifically, Bittinger asserted that

_____

[2] **See Commonwealth v. Brimage**, 580 A.2d 877, 878 n.1 (Pa.Super. 1990) ("Effective April 13, 1988, the Pennsylvania Legislature repealed in part and substantially modified in part the Post Conviction Hearing Act, renaming it the Post Conviction Relief Act").

the Honorable Richard A. Lewis, who was the PCRA court judge that dismissed his 1995 PCRA petition, had been the District Attorney of Dauphin County and had prosecuted Bittinger in this case in 1985. Bittinger alleged that as District Attorney, President Judge Lewis had had a "distinct significant personal involvement in critical adversary decisions regarding the prosecution." Supp. to PCRA Pet., 8/29/18, at ¶ 20. Bittinger requested that the PCRA court re-open the 1995 petition or allow Bittinger to re-submit it.

The PCRA court issued an order explaining that the Petition was untimely, notifying Bittinger of its intention to dismiss the Petition, and allowing Bittinger 20 days to respond to the notice. **See** Pa.R.Crim.P. 907. Bittinger responded, reasserting that President Judge Lewis had had a conflict of interest when adjudicating his 1995 petition. Bittinger added that President Judge Lewis had also adjudicated his 1997 and 2016 petitions, and argued that he "objects" to President Judge Lewis's failure to recuse himself from deciding the instant petition. Bittinger's Response to Rule 907 Notice, 9/14/18, at 1. The PCRA court denied the Petition as untimely, and Bittinger appealed.[3]

---

[3] Although the court dismissed the Petition on September 18, 2018, and Bittinger's notice of appeal was not docketed as received by the trial court until October 19, 2018, 31 days later, we decline to quash the appeal as untimely. The certified record does not reflect the date Bittinger mailed the notice of appeal from prison, but we may presume Bittinger delivered it to prison authorities on or before October 18, 2018, within the appeal period. **See** Pa.R.A.P. 121(a); **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa.Super. 2007).

Bittinger argues we should consider his Petition timely under the governmental interference exception because "[President] Judge Lewis['s] failure to recuse demonstrates a constitutional violation against [Bittinger's] due process rights." Bittinger's Br. at iii. We need not reach the question of whether recusal was warranted, whether that issue is waived,[4] or the merits of the underlying attacks on Bittinger's judgement of sentence because the Petition is untimely.

"The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim." **Commonwealth v. Greco**, --- A.3d ----, 2019 PA Super 30 (Feb. 8, 2019). When a petitioner files a PCRA petition more than one year after his or her judgment of sentence has become final, the petitioner must plead and prove that one of three enumerated exceptions applies. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The first of these, known as the "governmental interference exception," allows for the filing of a petition when "the failure to raise the claim previously was the result of interference by government officials . . . in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" **Id.** at (b)(1)(i). The petitioner must file the petition within

_____

[4] **See Commonwealth v. Luketic**, 162 A.3d 1149, 1158-59 (Pa.Super. 2017) (stating a request for recusal must be timely and specific).

one year of the date he or she could have first presented the claim. *Id.* at (b)(2).[5]

Here, Bittinger's judgment of sentence became final in 1986. *See id.* at (b)(3). Bittinger argues that his 2018 Petition is timely because President Judge Lewis presided over his PCRA petitions in 1995, 1997, and 2016, and the instant Petition. However, Bittinger does not explain how President Judge Lewis interfered with his ability to file a timely PCRA petition challenging his judgment of sentence. His claim therefore falls short of a colorable allegation of governmental interference. *Id.* at (b)(1)(i). Moreover, Bittinger fails to assert that he filed the instant Petition within one year of discovering that President Judge Lewis interfered with the timely presentation of his claims. *Id.* at (b)(2). Even assuming his 1995, 1997, and 2016 petitions were timely and improperly dismissed, Bittinger does not deny he was aware at the time of those dismissals that President Judge Lewis presided over his case.

As Bittinger has failed to plead and prove how the governmental interference exception applies to his Petition, or allege that his Petition was filed within one year of his discovery of any governmental interference, we hold that the Petition was untimely filed. The PCRA court was therefore without

---

[5] This section of the PCRA was amended effective December 24, 2018, to apply to claims arising on or after December 24, 2017. The amendment applies to Bittinger's instant Petition, filed in August 2018.

jurisdiction to entertain the Petition, and we affirm the order of the court dismissing it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2018