IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernadette Parker,                              :
           Petitioner                    :
                                 :
                                 :   No. 1484 C.D. 2022
           v.                            :
                                 :   Submitted: December 4, 2023
Unemployment Compensation Board    :
of Review,                                      :
           Respondent                    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: January 9, 2024


        Bernadette Parker (Claimant), appearing *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of the Referee denying Claimant unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] On appeal, we consider whether Claimant established a necessitous and compelling reason to voluntarily quit her employment. After careful review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

# I. BACKGROUND[2]

Claimant was employed as an Income Maintenance Caseworker Trainee at the Department of Public Welfare (Employer) from September 30, 2019, to March 12, 2020. On March 12, 2020, Claimant became aware of COVID-19. The next day, March 13, 2020, Claimant filled out and submitted her resignation papers. Claimant quit because she was 67 years old and was fearful of contracting COVID-19. Claimant never requested, and thus, Employer did not offer, any alternative work arrangements to Claimant.

On December 8, 2020, Claimant filed for UC benefits. On November 17, 2021, the Office of Unemployment Compensation Benefits denied Claimant's claim for UC benefits under Section 402(b) of the Law.[3] On January 27, 2022, a hearing was held before the Referee, who similarly found Claimant ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed to the Board. The Board adopted the Referee's findings and conclusions and affirmed the Referee's order.[4] Claimant petitioned this Court for review.

# II. ISSUE

Claimant contends that she voluntarily quit for a necessitous and compelling reason, *i.e.*, she did not merely have a generalized fear of COVID-19 but rather as an elderly person, COVID-19 posed a real risk of serious illness or death. *See* Claimant's Br. at 8-9. Further, under the unprecedented circumstances of the COVID-19 pandemic, Claimant contends that it was unreasonable to place the onus

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 11/18/22.

[3] Section 402(b) provides that an employee is ineligible for compensation for any week where his unemployment is the result of his voluntary work departure without a necessitous and compelling cause. 43 P.S. § 802(b).

[4] The Board added an additional finding, that "[t]he claimant quit due to generalized fear about the coronavirus." Bd.'s Dec. at 1-2.

on her, rather than Employer, to inquire about alternative options to preserve her job. *See id.*[5]

Employer disputes Claimant's contention. Rather, according to Employer, Claimant was required to give Employer a reasonable opportunity to accommodate Claimant's concerns, which she failed to do. Employer Br. at 4-9.

### III. DISCUSSION[6]

A claimant is ineligible for unemployment benefits if she voluntarily quits her job without a necessitous and compelling cause. Section 402(b) of the Law, 43 P.S. § 802(b). To satisfy the burden of proving a necessitous and compelling cause, a claimant must show (1) the existence of real and substantial pressure to terminate her employment; (2) that a reasonable person would have acted in the same manner; (3) that she acted with ordinary common sense; and (4) that she exercised reasonable efforts to preserve her employment. *Greenray Indus. v. Unemployment Comp. Bd. of Rev.*, 135 A.3d 1147, 1151 (Pa. Cmwlth. 2016).

To establish that a medical condition is a necessitous and compelling reason for the voluntary termination of one's employment, a claimant must: (1) establish, through competent evidence, the existence of a medical condition; (2) inform the employer of the condition; and (3) be able and available to work if a reasonable accommodation can be made. *St. Clair Hosp. v. Unemployment Comp.*

---

[5] Although Claimant's brief lacks proper legal argument or citation to relevant legal authority, *see* Pa. R.A.P. 2119(a), we are generally inclined to construe *pro se* filings liberally. *Smithley v. Unemployment Comp. Bd. of Rev.*, 8 A.3d 1027, 1029 n.6 (Pa. Cmwlth. 2010). These defects in Claimant's brief do not preclude our meaningful appellate review. *Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.)*, 110 A.3d 1063, 1067 (Pa. Cmwlth. 2015).

[6] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Rose Tree Media Sch. Dist. v. Unemployment Comp. Bd. of Rev.*, 280 A.3d 1125, 1127 n.4 (Pa. Cmwlth. 2022).

*Bd. of Rev.*, 154 A.3d 401, 405 (Pa. Cmwlth. 2017) (*en banc*). Once an employee informs their employer about health concerns, the employer must have a reasonable opportunity to make accommodations. *See Blackwell v. Unemployment Comp. Bd. of Rev.*, 555 A.2d 279, 281-82 n.6 (Pa. Cmwlth. 1989). Additionally, this Court has found that even in the context of the COVID-19 pandemic, an employee still must inform the employer of his or her health concerns to establish a necessitous and compelling cause for quitting. *See Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 653 (Pa. Cmwlth. 2022) (holding that a claimant who had safety concerns due to the COVID-19 pandemic failed to establish a necessitous and compelling cause for quitting because the claimant never informed the employer of his concerns before resigning).

Here, Claimant conceded, and the Board found, that Claimant quit without informing Employer about her COVID-19 health concerns. Notes of Testimony Hr'g, 1/27/22, at 6; Bd.'s Dec., 11/18/22, at 3. By failing to inform Employer of these concerns, even at the beginning of the unprecedented COVID-19 pandemic, Claimant failed to establish a necessitous and compelling cause for quitting. *See St. Clair Hosp.*, 154 A.3d at 405; *Tewell*, 279 A.3d at 653. While Claimant's fears at the beginning of the COVID-19 pandemic were understandable, to be qualified for UC benefits she was still required to communicate her concerns to Employer before resigning. *See Tewell*, 279 A.3d at 653-54 n.11.

For these reasons, we affirm the Board.

LORI A. DUMAS, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernadette Parker,  :
         Petitioner  :
   :  No. 1484 C.D. 2022
         v.  :
   :
Unemployment Compensation Board  :
of Review,  :
         Respondent  :

# **O R D E R**

AND NOW, this 9th day of January, 2024, the order of the Unemployment Compensation Board of Review, entered November 18, 2022, is AFFIRMED.

 

LORI A. DUMAS, Judge