Dorothy K. Newton, Petitioner *v.* Workmen's Compensation Appeal Board (Department of Labor and Industry et al.), Respondents.

Submitted on briefs March 15, 1984, to Judges MACPHAIL, BARRY and BLATT, sitting as a panel of three.

*Dorothy K. Newton,* petitioner, for herself.

*Walter E. Werner, III,* Assistant Chief Counsel, for respondent, Workmen's Compensation Appeal Board.

OPINION BY JUDGE BLATT, May 25, 1984:

Dorothy K. Newton (claimant), a pro se litigant, appeals here an order of the Workmen's Compensation Appeal Board (Board).

The claimant was employed as a hearing stenographer at the referee's office of the Board in New Castle, Pennsylvania for approximately nine years. Her duties, essentially, consisted of taking testimony by shorthand and typing transcripts as well as the referee's decisions. On November 20, 1978, she was awarded compensation for total disability resulting from work-related injury to her left wrist (tenosynovitis) and received payments from March 18, 1978 through November 5, 1978, when payments were suspended; and, on November 6, 1978, she returned to work at her regular wages, although she did no typing. On March 19, 1979, she filed again for benefits claiming that on February 26, 1979, she contracted tenosynovitis of the extensor pollicus longus of her right arm as a result of her typing duties, albeit she lost no work. This petition was dismissed in July of 1980 because the claimant failed to appear and prosecute. The Board. however, subsequently reversed and remanded for a new hearing. On August 4, 1980, the claimant informed her employer that she would not return to work because of tenosynovitis of her right

wrist, the recurrence of tenosynovitis of her left wrist and epecondylitis of both elbows, and, on August 11, 1980, she filed a petition to reinstate compensation because her left arm had become permanently and totally disabled. On the same date, she also filed a petition for benefits claiming that she was disabled as a result of tenosynovitis of her right arm.

All three petitions were consolidated, and a hearing was held before the referee, who subsequently made the following order:

> AND NOW this 18th day of February 1982 based upon the foregoing Findings of Fact and Conclusions of Law, your Referee hereby: (1) directs and orders the defendant and its insurance carrier to pay claimant partial disability compensation at the weekly disability rate of $19.04 for the period of time from November 6, 1978 to September 11, 1979; (2) the subject reinstatement petition is hereby dismissed; (3) the suspension granted by Referee Morrison pertaining to claimant's left wrist effective as of November 6, 1978 shall continue since claimant still suffers from some degree of disability; (4) claimant is granted a suspension of compensation benefits under her claim petition for her right arm as of August 4, 1980 since she still suffers from some degree of disability and (5) the remanded claim petition seeking a suspension referred to in Finding of Fact No. 1 is hereby dismissed.

The Board affirmed, and the instant appeal ensued.

Section 706 of the Judicial Code, 42 Pa. C. S. §706 provides:

> An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, *and may remand the matter and direct the entry of such appropriate order,*

*or require such further proceedings to be had as may be just under the circumstances.* (Emphasis added.)

See also, Pa. R.A.P. 1561(a).

Our analysis of the above order persuades us to remand for purposes of clarification of the order. Part 3 of the order, for example, indicates that the suspension, which presumably led to the filing of the reinstatement petition, should continue because the claimant suffers from some degree of disability. We are at a loss to determine, however, why the suspension—which we construe to mean a termination of benefit payments—should continue if the claimant is now disabled. Furthermore, if the claimant is disabled, and if part 3 is actually ordering the payment of benefits pursuant to the reinstatement petition, then we note the inconsistency of part 2 of the order which dismisses the reinstatement petition. In addition, part 4 of the order, which grants a suspension in favor of the claimant for her right arm injuries is also confusing and we cannot ascribe any intelligible meaning to it. If the claimant has incurred compensable injuries to her right arm, then we believe that she should be granted benefits, and that benefits should not be suspended (although we would wonder how benefits can be suspended which are not actually being paid). We are equally curious, furthermore, as to why the remanded petition for right arm injuries is dismissed in part 5 of the order if, in fact, part 4 is to be read as an indication that injuries to the right arm are compensable. We might also note additional parts of the aforementioned order which generate similar perplexity, but we believe that the examples cited are alone clearly sufficient to require a remand.

We would also note, however, that little legal merit can be gleaned in the arguments advanced by the claimant thus far in this appeal, and a remand is not

likely to assist her claim. Ordinarily, therefore, we would not be inclined to remand. Still, we believe that this Court should not affirm orders which appear to be both contradictory in their several parts and generally unintelligible.

ORDER

AND NOW, this 25th day of May, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.