550 A.2d 1364

David Russell, Petitioner *v.* Workmen's Compensation Appeal Board (Volkswagen of America), Respondents.

Submitted on briefs February 4, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*William Jon McCormick,* for petitioner.

*Raymond F. Keisling, Will, Keisling, Ganassi & Mc-Closkey,* for respondent, Volkswagen of America.

OPINION BY JUDGE SMITH, December 2, 1988:

David Russell (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing Claimant's petition for reinstatement of compensation under The Pennsylvania Workmen's Compensation Act (Act).[1] Issues raised for review are whether the referee's alleged misinterpretation of the medical report submitted on Claimant's behalf constitutes a capricious disregard of competent evidence, and whether the referee enjoys complete, unfettered discretion to reject unrebutted medical opinion. The Board's decision is vacated and remanded.

The record indicates that Claimant suffered a work-related injury in March of 1983 which aggravated a pre-existing condition of his right hip, diagnosed as asceptic necrosis. Claimant received compensation for his work-related injury from March 7, 1983 to March 14, 1983 and again from June 3, 1983 to February 6, 1984. On April 29, 1985, Claimant filed a reinstatement petition alleging a recurrence of the March 1983 injury which necessitated surgery and resulted in work loss. The referee, after hearings held June 13, 1985 and September 5, 1985, found that Claimant's present hip disability and medical treatment were unrelated to the aggravation injury of March 1983, and accordingly, denied Claimant's

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

reinstatement petition. Claimant was the only party to present evidence before the referee. Claimant appealed to the Board, which affirmed the referee's decision, whereupon Claimant petitioned this Court for review.

Initially, the appropriate scope of review to be applied to the matter *sub judice* must be determined in light of Pennsylvania Supreme Court decisions in *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987); *Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987); and *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986) as well as this Court's decision in *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). The standard of review enunciated in *McGovern* to be applied in administrative agency appeals is set forth in Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, which provides that:

> After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication *is not supported by substantial evidence.* (Emphasis added.)

As noted in *Kirkwood*, this standard unquestionably applies to proceedings in which both parties present evidence as demonstrated in *McGovern*.

However, where the burdened party is the only party to present evidence and does not prevail before the agency, the "substantial evidence" test falters. If no evi-

dence was presented to support the prevailing party, there is no evidence upon which to apply the "substantial evidence" test; *i.e.*, it is impossible to find substantial evidence to support a position for which no evidence was introduced. In such cases, therefore, the appropriate scope of review, as set forth in *Farquhar* and *Odgers,* is whether the agency erred as a matter of law or capriciously disregarded competent evidence.[2] In *Farquhar,* the Supreme Court granted appellant's petition for allowance of appeal because the record failed to support a critical finding by the referee; the referee and Board capriciously disregarded uncontradicted medical testimony and evidence; and the lower tribunals committed an error of law. Upon review, the Supreme Court reversed this Court and ordered the Board to reinstate compensation to appellant. In addressing the appropriate standards of appellate review, Justice LARSEN in quoting from *Jasper v. Workmen's Compensation Appeal Board,* 498 Pa. 263, 266, 445 A.2d 1212, 1213 (1982), reiterated that:

> Previous cases have set forth the scope of review where, as here, the fact finder's decision is against the party having the burden of proof in

---

[2] *See also Kirkwood* where this Court questioned the applicability of the "substantial evidence" test when the party with the burden of proof is the only party to present evidence and does not prevail before the agency. Under these circumstances, this Court concluded that the record must first be examined to determine whether that party, as a matter of law, has met his/her burden; and, if not, the agency decision is to be affirmed. However, when that party presents sufficient evidence as a matter of law, this Court reasoned that it must examine the basis for the adverse ruling and determine whether it stemmed from a credibility determination expressed by the factfinder against the burdened party or an error of law. Lastly, this Court held that a matter is to be remanded to the agency in cases where it is unclear whether a credibility determination has been made.

terms such as 'capricious disregard of competent evidence', Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968), 'willful disbelief of otherwise credible evidence', Bullock v. Building Maintenance Inc., 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972) or internal inconsistency in the findings of fact and conclusions of law. Halaski v. Hilton Hotel, 487 Pa. 313, 409 A.2d 367 (1979). . . . At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence.

Moreover, in affirming this Court's decision that the affected school district employees were entitled to unemployment compensation in *Odgers,* the Supreme Court held that:

The standard of review any appellate court must apply, when the party with the burden of proof lost before the Board, is whether the Board erred as a matter of law or capriciously disregarded competent evidence.

*Id.* at 390, 525 A.2d at 365.[3] Accordingly, the "capricious disregard" test is the appropriate standard to apply

---

[3] *See Barrett v. Otis Elevator Co.,* 431 Pa. 446, 450, 246 A.2d 668, 670 (1968), a seminal case which applied the "capricious disregard" test in a workmen's compensation action. The Supreme Court in *Barrett* stated that: "[O]n appeal from a decision of the Board by the party having the burden of proof, the Board's findings of fact must be sustained unless they capriciously disregard competent evidence or unless they are inconsistent with each other or with either the Board's conclusions of law or its order."

*See also Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 82 Pa. Commonwealth Ct. 390, 476 A.2d 1377 (1984); *Dennis v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

to the factual scenario presented in the matter *sub judice* as well as to other administrative agency adjudications where the burdened party is the only party to present evidence and does not prevail before the agency. In all matters, however, where both parties present evidence, the agency's determination will be reviewed under the "substantial evidence" test as indicated in *McGovern.*

Claimant initially contends that the referee's misinterpretation of a report by Claimant's treating physician, Dr. Jack D. Smith, constitutes capricious disregard of competent evidence.[4] Dr. Smith's report, dated June 29, 1984, stated that Claimant sustained an injury to his right hip in March 1983 and underwent hip biopsy and core-drilling for what appeared to be an asceptic necrosis. Dr. Smith further stated that Claimant's asceptic necrosis likely antedated his March 1983 injury, but that the injury significantly aggravated the pre-existing asceptic necrosis. Dr. Smith stated as well that although Claimant returned to work, his worsening pain necessitated hip arthroplasty and that Claimant's present hip disability continues as a reflection of the previous condition in his hip. Certified Record, Claimant's Exhibit No. 1.

---

[4] A claimant seeking reinstatement benefits must establish a causal connection between his/her current condition and the prior work-related injury. *D.P. "Herk" Zimmerman, Jr., Inc. v. Workmen's Compensation Appeal Board (Himes)*, 103 Pa. Commonwealth Ct. 68, 519 A.2d 1077 (1987). To meet this burden, Claimant must show that there has been an increase or recurrence of the disability after the date of the prior award and that Claimant's condition has actually changed in some manner. Section 413 of the Act, 77 P.S. §772; *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

The referee, based upon Dr. Smith's report, found that:

1. The Claimant, David Russell, filed a Reinstatement Petition under the provisions of the Pennsylvania Workmen's Compensation Act, against the Defendant, Volkswagen of America, for compensation for the alleged recurrence of his right hip injury of *March 4, 1983*.

3. A previous decision circulated on August 29, 1984, of this Referee set forth that on *March 6, 1983*, while walking backwards, the Claimant fell backwards in an open pit and as a result of his fall *his asceptic necrosis of his right hip was aggravated, according to Dr. Jack D. Smith*, a board certified doctor, Claimant's treating doctor.

6. Dr. Jack D. Smith set forth in his report of July 29, 1984, that the present disability in the hip was a reflection of the previous condition in his hip. *The previous condition set forth in the previous testimony was an asceptic necrosis.* This condition pre-existed the injury of *March 3, 1984*.

7. Your referee finds as a fact that the present disability and medical treatment is related not to the *aggravation of March 3, 1984*, but the pre-existing [sic] of asceptic necrosis that pre-existed the injury of *March 1983*. (Emphasis added.)

Findings of Fact Nos. 1, 3, 6, 7. The findings of fact above noted are ambiguous and contradictory due to various discrepancies. First, three different dates of injury are listed by the referee. Whether the discrepancies represent typographical errors or indicate that the referee found another injury which occurred between Claimant's aggravation injury and his present disability is unclear. Secondly, the referee's recitation of Claim-

ant's medical testimony together with the findings and conclusions based thereon leave doubt as to whether reference was being made to Claimant's asceptic necrosis per se or to the aggravation thereof. Moreover, the referee may have misinterpreted the medical meaning of "reflection".

Before application of the standard of review enunciated herein, this Court finds it necessary to vacate and remand for clarification consistent with this opinion. *See Newton v. Workmen's Compensation Appeal Board (Department of Labor and Industry)*, 82 Pa. Commonwealth Ct. 534, 475 A.2d 1353 (1984).

### ORDER

AND NOW, this 2nd day of December, 1988, the order of the Workmen's Compensation Appeal Board dated June 6, 1986 is vacated and this case is remanded for clarification consistent with this opinion.

Jurisdiction relinquished.

Judge BARRY dissents.

Judge MACPHAIL did not participate in the decision in this case.