Roger LIZAK, Petitioner,

v.

WORKERS' COMPENSATION APPEAL
BOARD (APA TRANSPORT),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 13, 1998.

Decided Jan. 29, 1999.

Malcom Lydon MacGregor, Scranton, for appellant.

Paul A. Barrett, Scranton, for appellee.

Before McGINLEY, J., and SMITH, J., and McCLOSKEY, Senior Judge.

McCLOSKY, Senior Judge.

Roger Lizak (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), denying Claimant's penalty petition. We affirm.

Claimant was employed as truck driver by APA Transport (Employer). Claimant regularly drove the same truck for Employer, truck number 2032. Claimant consistently filed written vehicle reports complaining about difficulty in the steering of this truck. Other drivers also complained about the steering in this particular truck. Claimant contacted his union representative regarding his complaints about the truck. The union representative contacted Employer and Employer sent the truck to its headquarters in New Jersey. Employer's headquarters examined the truck and returned it to its Scranton facility where Claimant was employed.

In October of 1994, Claimant began experiencing pain in his neck and shoulder as a result of the alleged defective steering. Claimant subsequently filed a Claim Petition seeking workers' compensation benefits for a closed period of seven months as a result of alleged injuries to his neck and shoulder caused by the truck's defective steering.[1] At the same time, Claimant filed a penalty petition, alleging that Employer had violated the Pennsylvania Workers' Compensation Act

---

1. We note that Claimant returned to work in May of 1995 and drove the truck approximately two times. Claimant testified that the steering seemed much better during these drives. (R.R. at 42a–43a).

(Act)[2] by failing to remedy the defective condition of the truck or to otherwise maintain or provide accident and illness prevention programs in accordance with Section 1001(f) of the Act.[3]

Employer filed an Answer denying the allegations of Claimant's penalty petition. By stipulation of counsel, the petitions were bifurcated such that the WCJ could make a threshold inquiry as to whether a violation of Section 1001(f) of the Act could be a basis for an award of penalties to Claimant under the Act.[4] The case proceeded before the WCJ. The WCJ ultimately denied Claimant's penalty petition.

The WCJ reviewed Section 1001 of the Act and concluded that Section 1001(f)[5] provides for a fine to be levied against an employer for a violation of this Section and for said fine to be deposited into the Workmen's Compensation Administration Fund as a civil violation. Although Employer may have violated Section 1001 of the Act, the WCJ concluded that this Section provides for its own penalty and that Claimant was not entitled to penalties for Employer's violation of this Section. Claimant appealed and the Board affirmed. Claimant now appeals to this Court.

On appeal,[6] Claimant argues that the WCJ erred as a matter of law by concluding that he had failed to establish a compensable violation of the Act by Employer for purposes of assessing a penalty. More specifically, Claimant argues that Section 1001(f) of the Act does not exclude or prohibit the use of

that Section as a basis for an award of penalties.

Employer in the instant case was self-insured. Section 1001(b) of the Act provides, in part, that "[a] self-insured employer shall maintain an accident and illness prevention program as a prerequisite for retention of its self-insured status." Section 1001(c) of the Act, 77 P.S. §1038.1(c), provides that the Department of Labor and Industry (Department) may conduct inspections to determine the adequacy of accident prevention services. Section 1001(f) of the Act provides for a maximum fine of $2000.00 per day for each day that an employer fails to maintain or provide accident prevention services. This Section of the Act goes on to state that such fines shall be paid to the Department and that the Department shall deposit such fines into the Workmen's Compensation Administration Fund as a civil violation.[7]

■ While none of the health and safety provisions of the Act exclude or prohibit the use of these Sections as a basis for an award of penalties to a claimant, these provisions evidence the intent of the legislature to address the relationship between employers and the Department. These provisions require employers to maintain and provide accident prevention services. The Department was given the authority to conduct inspections to ensure that such services are, in fact, provided. Furthermore, if an employer fails to abide by these Sections, the employer is subject to a fine. This fine is paid directly to the Department and is deposited by the Department into the Workmen's Compensation

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1 – 1041.4; 2501 – 2626.

3. 77 P.S. §1038.1(f). This Section of the Act was added by the Act of July 2, 1993, P.L. 190, *as amended*. It states:

> Failure to maintain or provide the accident prevention services required by this section shall constitute a continuing civil violation subject to a maximum fine of two thousand dollars ($2,000) per day for each day the accident prevention services are not maintained or provided. Each day of noncompliance with this section is a separate violation. All fines recovered under this section shall be paid to the department and deposited by the department into the Workmen's Compensation Administration Fund created by section 446 of this act.

4. Section 435(d) of the Act, 77 P.S. §991(d), addresses the imposition of penalties.

5. 77 P.S. §1038.1(f).

6. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

7. The above-referenced Sections of the Act will hereafter be collectively referred to as the health and safety provisions of the Act.

Administration Fund as civil violations. Thus, we cannot say that the WCJ erred as a matter of law by concluding that Claimant had failed to establish a compensable violation of the Act by Employer for purposes of awarding Claimant a penalty.

Claimant also argues that the plain language of Section 435(d) of the Act supports the imposition of penalties in the instant case. We disagree.

Section 435(d) of the Act provides that "[t]he department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act." This Section goes on to provide for a penalty of ten percent of the amount of compensation awarded, with a possible increase to twenty percent in cases of unreasonable or excessive delays, said penalty to be payable to the same person to whom the compensation is payable.

This Section itself evidences the intent of the legislature to address the relationship between claimants and employers. The employer pays the penalty directly to a claimant. In addition, the penalty is intended to redress an employer's failure to pay compensation or an employer's unreasonable or excessive delay in the payment of compensation. This Section was not intended to redress an employer's failure to maintain or provide accident prevention services pursuant to the health and safety provisions of the Act. To the contrary, the health and safety provisions of the Act provide their own penalty in the form of a fine payable to the Department.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 29th day of January, 1999, the order of the Workers' Compensation Appeal Board is affirmed.