DDP CONTRACTING, INC. and Penn National Insurance, Petitioners

v.

WORKERS' COMPENSATION APPEAL BOARD (MORA), Respondent.

Jose Mora, Petitioner

v.

Workers' Compensation Appeal Board (DDP Contracting Co., Inc. and Penn National Insurance), Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2002.

Decided Oct. 7, 2002.

John J. Warenda, Morrisville, for petitioner.

David S. Reno, Fort Washington, for respondent.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY SENIOR JUDGE McCLOSKEY.

The present case involves the consolidated petitions for review of DDP Contracting, Inc. and Penn National Insurance (hereafter collectively referred to as DDP) and Jose Mora (Claimant) of an order of the Workers' Compensation Appeal Board (Board), affirming an order of the Workers' Compensation Judge (WCJ), granting Claimant's claim and joinder petitions but suspending Claimant's benefits as of Janu-

ary 1, 2000. We now affirm in part and reverse and remand in part.

Claimant worked as a roofer for Gustavo Fernandez (Employer). At the time, Claimant did not have documented resident alien status in this country. Instead, Claimant was an illegal alien. Employer was hired by DDP to perform roofing work on a job in which DDP was the general contractor. Claimant worked at this job. In the course and scope of his employment on February 14, 1999, Claimant sustained broken wrists and a fractured right femur after falling from the roof. Claimant was hospitalized and underwent extensive surgery for the treatment of his injuries. Employer, however, had no valid or enforceable workers' compensation insurance coverage. Claimant later filed a claim petition against Employer and a joinder petition seeking to join DDP as his statutory employer under Section 302(a) of the Pennsylvania Workers' Compensation Act (Act).[1]

The case was assigned to the WCJ and proceeded with hearings. At these hearings, DDP did not dispute its status as Claimant's statutory employer. Rather, DDP stipulated to that fact before the WCJ. Additionally, Claimant testified on his own behalf, relating a history of his work injury and his ongoing complaints of pain. Claimant indicated that he could not return to his work as a roofer as he did not have enough strength in his hands to tear off shingles and/or carry new shingles. However, Claimant did indicate that he returned to part-time work cleaning offices in the beginning of January of 2000,

earning approximately $140.00 per week. Additionally, on both direct and cross-examination, Claimant acknowledged his continued lack of resident alien status in the United States.

In opposition to Claimant's petition, Employer merely presented the report of Dr. Ronald B. Greene. Dr. Greene performed an examination of Claimant on March 6, 2000. Dr. Greene indicated that Claimant had no complaints regarding his wrists, but that he complained of some right thigh discomfort. However, Claimant indicated that said discomfort did not cause him to cease working. Following his physical examination of Claimant, Dr. Greene opined that Claimant had fully recovered from his work-related injuries, that he was capable of returning to work on a full time basis and that he had reached maximum medical improvement. Nevertheless, Dr. Greene did note that Claimant had some discomfort in his right wrist and set forth lifting restrictions of twenty pounds occasionally and ten pounds frequently with respect to his right upper extremity.

Ultimately, the WCJ issued a decision and order granting Claimant's claim and joinder petitions. Regarding the former, the WCJ awarded Claimant temporary total disability benefits for the closed period from February 14, 1999, to December 31, 1999. However, as of January 1, 2000, the WCJ suspended Claimant's benefits,[2] concluding that Claimant was only partially disabled but that he had effectively removed himself from the workforce as of that date by reason of his illegal alien

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 461. This Section of the Act provides, in pertinent part, that "[a] contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor...."

2. In this regard, the WCJ accepted the testimony of Claimant as credible regarding ongoing residuals and rejected the testimony of Dr. Greene insofar as he opined that Claimant had fully recovered. The WCJ specifically noted that the restrictions placed upon Claimant by Dr. Greene were indicative of a lack of full recovery.

status. Both Claimant and DDP appealed to the Board and the Board affirmed. Claimant argued before the Board that the WCJ had erred in suspending his benefits. However, the Board, citing to the analogous situation of an incarcerated individual, found no such error, as Claimant's own immigration status precluded his availability for work. DDP argued before the Board that the WCJ erred in awarding Claimant, an illegal alien, any benefits at all under the Act. However, citing to our decision in *Reinforced Earth Company v. Workers' Compensation Appeal Board (Astudillo)*, 749 A.2d 1036 (Pa.Cmwlth. 2000), *petition for allowance of appeal granted*, 564 Pa. 720, 764 A.2d 1074 (2000),[3] the Board again found no error on the part of the WCJ.

■ On appeal to this Court,[4] Employer argues that the WCJ and the Board erred as a matter of law in concluding that Claimant, an undocumented resident alien, was entitled to benefits under the Act. We disagree.

As the Board so noted, we have previously considered and rejected this very argument in *Reinforced Earth Company*.[5] In that case, we specifically held that a party's status as an illegal alien did not preclude him/her from receiving workers' compensation benefits under the Act. In reaching that holding, we noted that a claimant must normally establish an employment relationship during which an injury arose in order to be entitled to benefits. *See* Section 301(c)(1) of the Act, 77 P.S. § 411(1). We also examined the definition of "employe" under Section 2 of the Act, 77 P.S. § 22, which includes "[a]ll natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character . . . ."

■ As did the employer in *Reinforced Earth Company*, Employer in its appeal here argues that the Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. § 1324a,[6] and public policy preempt the Act. We reject both of these arguments. Regarding the former, in *Reinforced Earth Company*, we noted that IRCA was "enacted to prohibit employers from hiring individuals who were illegal aliens," but contained no language indicating "that an individual, hired by an employer in violation of its provisions, is not an 'employee' under federal or state law." *Reinforced Earth Company*, 749 A.2d at 1038. Regarding the latter, we noted that public policy would not be served as employers would essentially be rewarded for failing to "properly ascertain an employee's immigration status at the time of hire." *Reinforced Earth Company*, 749 A.2d at 1039.

■ In his appeal, Claimant argues that the WCJ and the Board erred as a matter

**3.** Our Supreme Court heard argument in *Reinforced Earth Company* in November of 2001. However, in June of 2002, the Court directed that the case be resubmitted on previously filed briefs. The Court has not yet rendered a final decision in the matter.

**4.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

**5.** Employer acknowledges our prior decision in *Reinforced Earth Company*. However, based upon the pending disposition by our Supreme Court, Employer seeks to preserve its arguments on appeal.

**6.** This Section specifically provides, in pertinent part, that it is "unlawful ... to hire, or to recruit" illegal aliens. *See* 8 U.S.C. § 1324a(a)(1)(A).

of law in concluding that his status as an illegal alien disqualified him from entitlement to partial disability benefits. We agree with Claimant in this regard.

We also addressed the suspension/modification issue in *Reinforced Earth Company*, holding that an employer "must establish Claimant's earning power by establishing that he can perform other work." *Reinforced Earth Company*, 749 A.2d at 1040. We noted that actual job referrals would not have to be made to determine the extent of claimant's earning power "because requiring Claimant to go to interviews would be useless because he would be unable to accept any position as it would be illegal for him to work." *Id.* Instead, we indicated that "all that needs to be shown is evidence of earning power similar to Act 57."[7] *Id.* Ultimately, we held that the Board properly concluded that employer was not entitled to a suspension/modification of claimant's benefits as it failed to present evidence establishing the type of positions claimant could perform.[8]

The present case varies slightly from *Reinforced Earth Company* in this regard. Admittedly, Employer presented no evidence establishing the type of positions claimant could perform. However, Claimant himself testified that he returned to work cleaning offices in January of 2000 and earning $140.00 per week. Hence, via his own testimony, Claimant established a reduction in his disability sufficient to warrant a modification of his benefits. Con-

trary to the conclusion of the WCJ and the Board, we do not believe that Claimant's status as an illegal alien precludes his receipt of partial disability benefits.

Rather, it seems illogical to hold that Claimant's status as an illegal alien would not preclude receipt of total disability benefits, but would preclude receipt of partial disability benefits. Such a result is further buttressed by the WCJ's finding that "Claimant suffers from ongoing residuals caused by his February 14, 1999 work injury, causing him an inability to return to his roofer's work for the Employer" and the Board's observation that Claimant was only capable of returning to "modified duty employment as of January 1, 2000." *See* R.R. at 17a, 50a.

Accordingly, the order of the Board, insofar as it affirmed the decision of the WCJ awarding benefits to Claimant, is affirmed. However, the order of the Board, insofar as it affirmed the decision of the WCJ suspending Claimant's benefits as of January 1, 2000, is reversed. The case is remanded to the Board, with specific instructions to remand to the WCJ, for calculation of Claimant's partial disability benefits as of that date.

### *ORDER*

AND NOW, this 7th day of October, 2002, the order of the Workers' Compensation Appeal Board (Board), insofar as it affirmed the decision of the Workers' Compensation Judge (WCJ) awarding ben-

---

7. Claimant's injury in *Reinforced Earth Company* occurred in 1994, prior to the Act 57 amendments, which became effective in mid–1996. Hence, in that case, employer had an obligation to establish actual job referrals. *See Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Under the Act 57 amendments, in order to establish a reduction in a claimant's disability, an employer need only show that the claimant is able to perform

his previous work or that he can engage in any other "substantial gainful employment" in his employment area. *See* Section 306(b)(2) of the Act, 77 P.S. § 512(2).

8. In other words, we held that the Board properly concluded that the claimant in *Reinforced Earth Company* was entitled to ongoing total disability benefits.

efits to Jose Mora (Claimant), is affirmed. However, the order of the Board, insofar as it affirmed the decision of the WCJ suspending Claimant's benefits as of January 1, 2000, is reversed. The case is remanded to the Board, with specific instructions to remand to the WCJ, for further proceedings consistent with this opinion.

Jurisdiction relinquished.