Leo DeLuca, : 
                Petitioner : 
                 : 
                 : 
        v. : 
                 : 
Cservak Management Services, LLC : 
(Workers' Compensation Appeal : 
Board), : No. 238 C.D. 2022
                Respondent : Submitted: August 5, 2022


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: December 22, 2022


        Leo DeLuca (Claimant) petitions for review of the March 1, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the workers' compensation judge (WCJ) to grant the requested modification of Claimant's workers' compensation benefits from total to partial disability. Upon review, we affirm.


## I. Background

        In July 2010, Claimant sustained work-related injuries in the form of midback, left arm/shoulder and neck sprain/strain while working for Cservak Management Services, LLC (Employer). WCJ Decision & Order, 5/26/21 (WCJ

Decision), Finding of Fact (F.F.) 1, Certified Record (C.R.) at 17.[1]  By means of an amended notice of compensation payable, Employer accepted liability for payment of total disability benefits as of January 2015.  F.F. 1; Board Decision & Order, 3/1/22 (Board Decision) at 1, C.R. at 19.  On November 7, 2019, a physician conducted an impairment rating evaluation (IRE) of Claimant pursuant to the Sixth Edition of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment*, Second Printing (*Guides*), which yielded a whole body impairment rating of 28%.  F.F. 5 & 7.[2]

In August 2020, Employer filed a modification petition, seeking to change Claimant's disability status from total to partial on the basis of the November 2019 IRE.  F.F. 2.  Claimant opposed the modification petition on the basis that the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), relating to IREs and modifications, is unconstitutional.  In May 2021, the WCJ granted the requested modification, declaring Claimant's change in disability status from total to partial effective as of November 7, 2019, the date of the IRE.  Conclusion of Law (C.L.) 3; WCJ Decision at 6, C.R. at 20.  The WCJ noted, however, that it lacked the authority to address Claimant's constitutional objections to Act 111.  C.L. 4.

Claimant appealed to the Board, which affirmed.  Board Decision at 1 & 7, C.R. at 19 & 25.  Noting that, like the WCJ, it lacked the authority to declare unconstitutional any portion of the Workers' Compensation Act (WC Act),[3] the

---

[1] Citations to the certified record reference the pages of the PDF document, as the record is not internally paginated.

[2] In December 2020, the physician performing Claimant's IRE submitted an addendum report opining that Claimant had reached maximum medical improvement as of November 2019. WCJ's Decision and Order, 5/26/21, Finding of Fact 5.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

2

Board nevertheless observed that this Court previously rejected the same arguments levied by Claimant in support of his constitutional challenge. *Id.* at 3 & 6, C.R. at 21 & 24 (citing *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020); *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), *appeal denied*, 261 A.3d 378 (Pa. 2021); *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022)).

Claimant petitioned this Court for review.

## II. Issues

Before this Court,[4] Claimant argues that the Board erred in affirming the modification of his disability status, because Act 111 is unconstitutional. *See* Claimant's Br. at 8-9 & 13. Claimant contends that the "minor changes" effected by Act 111 fail to remedy the unconstitutionality of *former* Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2.[5] *Id.* at 9 (citing *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017) (*Protz II*)). Claimant asserts that Act 111's reduction of the partial disability threshold from an impairment rating of less than 50% to a rating of less than 35% fails to remediate the impermissible delegation of powers deemed unconstitutional by the Pennsylvania Supreme Court in *Protz II*. *Id.* at 8-9. Claimant likewise maintains that Act 111's designation of the Sixth Edition of the *Guides* in assessing whole body impairment fails to remedy

---

[4] This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Comp. Appeal Bd. (Volkswagen of Am.)*, 550 A.2d 1364 (Pa. Cmwlth. 1988).

[5] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

3

this constitutional defect. *Id.* at 9. Claimant also contends that Act 111 may not be applied retroactively to his case, as his July 2010 injury predates the Act's October 24, 2018 effective date, and workers' compensation claims accrue on the date of injury. *Id.* at 10. Further, Claimant asserts that, assuming *arguendo* the constitutionality of Act 111 and its applicability to the present dispute, his November 2019 IRE was nevertheless premature because Act 111 constitutes "new legislation imposing new restrictions on the receipt of benefits," such that his IRE would have been appropriate only after receiving 104 weeks of full disability benefits after the passage of Act 111. *Id.*

### III. Discussion

In *Protz v. Workers' Compensation Appeal Board (Derry Area Sch. Dist.)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part*, *rev'd in part*, *Protz II*, a claimant challenged the modification of her benefits from total to partial disability under *former* Section 306(a.2) of the WC Act, 77 P.S. § 511.2, on the basis that the provision unconstitutionally delegated legislative authority in contravention of article II, section 1 of the Pennsylvania Constitution.[6] *See Protz I*, 124 A.3d at 408 & 410-11. We agreed, holding that the challenged statute's provision for use of the most recent edition of the *Guides* in evaluating the degree of impairment impermissibly delegated legislative authority to the AMA to establish the criteria for such evaluations. *Id.* at 410-15 (citing *former* Section 306(a.2)(1) of the WC Act, 77 P.S. § 511.2). Thus, we deemed *former* Section 306(a.2) of the WC Act, 77 P.S. § 511.2, unconstitutional "insofar as it proactively approved versions of the AMA *Guides* beyond the Fourth Edition without review"; we remanded the matter to the

---

[6] "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1.

4

Board with instruction to remand to the WCJ to apply that edition to the dispute. *Id.* at 416. Our Supreme Court affirmed in part and reversed in part, holding that this Court erred in failing to strike *former* Section 306(a.2) in its entirety on the basis that the valid portions were inseparable from the constitutionally defective provisions. *Protz II*, 161 A.3d at 841.

In response to *Protz II*, the General Assembly enacted Act 111 on October 24, 2018 to replace the unconstitutional provision with Section 306(a.3), 77 P.S. § 511.3.[7] Act 111 amended the WC Act by lowering the threshold impairment

---

[7] Section 306(a.3) provides, in pertinent part:

> (1) When an employe has received total disability compensation pursuant to clause (a)[, referring to Section 306(a) of the WC Act, 77 P.S. § 511,] for a period of one hundred and four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred and four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the [*Guides*,] 6th edition (second printing April 2009).

> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [*Guides*,] 6th edition (second printing April 2009), the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than thirty-five per centum impairment under the [*Guides*,] 6th edition (second printing April 2009), the employe shall then receive partial disability benefits under clause (b)[, referring to [*former*] Section 306(b) of the WC Act, 77 P.S. § 512,] provided, however, [t]hat no reduction shall be made until sixty days' notice of modification is given.

rating for determining partial disability from less than 50% to less than 35%. *Compare* Section 306(a.3) of the WC Act, 77 P.S. § 511.3, *with former* Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2. Act 111 also specified that IREs shall be performed using the Sixth Edition of the *Guides*. *See* Section 306(a.3) of the WC Act, 77 P.S. § 511.3.

Claimant asserts that Act 111 fails to remediate the delegation of legislative authority deemed unconstitutional by the *Protz II* Court. *See* Claimant's Br. at 8-9. As we have repeatedly and consistently held in rejecting identical arguments in other matters, this assertion has no merit. In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), we upheld Act 111 against an identical constitutional challenge, reasoning as follows:

> The non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards which already are in existence at the time of adoption." *Protz II*, 161 A.3d at 838 . . . . That is what the General Assembly did here—it adopted the Sixth Edition, second printing, which PA AFL-CIO admits was in existence when Section 306(a.3)[ of the WC Act, 77 P.S. § 511.3,] was enacted, "as its own." *Id.* When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth. It is not delegating its authority to legislate. The General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward.

---

77 P.S. § 511.3(1), (2).

*Pa. AFL-CIO*, 219 A.3d at 316 (emphasis omitted).[8] For the reasons already repeatedly articulated by this Court, Claimant's constitutional challenge is meritless.[9]

In addition, Claimant maintains that Act 111 is not applicable to his case because his injury predated the statute's enactment. *See* Claimant's Br. at 9-10. Again, this Court has held repeatedly to the contrary in rejecting identical arguments:

---

[8] Similarly, in *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360, 366 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022), we deemed meritless a claimant's assertion that Act 111 was unconstitutional based on an identical argument that its provision for IREs pursuant to the Sixth Edition of the *Guides* improperly delegated legislative authority to the AMA:

> [The c]laimant misapprehends this Court's analysis and holding in [*Protz I*]. The flaw in former Section 306(a.2) [of the WC Act, formerly 77 P.S. § 511.2,] was that, unlike the replacement provision of Act 111, it did not simply adopt a set of existing standards; rather, by mandating use of the most recent version of the *Guides*, it allowed the AMA to alter the standards at will without any legislative oversight. *See Protz I*, 124 A.3d at 416.

*Hutchinson*, 260 A.3d 360, 366 n.9.

[9] In conjunction with his constitutional challenge, Claimant laments that, as with the 50% impairment rating threshold established by *former* Section 306(a.2) of the WC Act, the 35% threshold of Act 111 is "virtually impossible to reach[.]" Claimant's Br. at 9. Claimant's critique fails to appreciate that "for the benefit of claimants, the General Assembly [] specifically reduced the impairment rating necessary for a claimant's status to be changed from 49% or lower to 34% or lower, *making it more difficult for employers to change total disability status to partial disability status.*" *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 562 (Pa. Cmwlth. 2020) (emphasis added). Moreover, Claimant fails to elucidate why this advantageous change purportedly fails to remedy the unconstitutional aspects of *former* Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citations omitted) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived," further stating that "[i]t is not the obligation of [an appellate court] . . . to formulate [an a]ppellant's arguments for him").

7

> While [the c]laimant . . . argues that he has a [vested] right to benefits as calculated at the time of injury, there are reasonable expectations under the [WC] Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [temporary total disability] benefits.

*Pierson*, 252 A.3d at 1179; *see also Hutchinson*, 260 A.3d at 366 (rejecting a claimant's assertion that Act 111's applicability to injuries predating its enactment renders it improperly retroactive, holding that "the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly"). Moreover, this Court has clarified that

> Section 3 of Act 111 does not evidence clear legislative intent that the entirety of Act 111 should be given retroactive effect. Instead, it appears the General Assembly intended that employers and insurers that relied upon former Section 306(a.2)[, formerly 77 P.S. § 511.2,] to their detriment by not pursuing other methods of a modification should not bear the entire burden of the provision being declared unconstitutional.
>
> . . . .
>
> That the General Assembly used specific language to give retroactive effect to these carefully selected individual provisions does not make the entirety of Act 111 retroactive as the amendment lacks clear language to that effect. *City of Warren [v. Workers' Comp. Appeal Bd. (Haines)]*, 156 A.3d [371,] 376 [Pa. Cmwlth. 2017].

8

*Rose Corp.*, 238 A.3d at 562 (footnote omitted). Thus, we conclude that Claimant's contention that Act 111 is impermissibly retroactive is also meritless.[10]

Claimant also contends that his November 2019 IRE was premature, as he had not yet received 104 weeks of total disability benefits following the enactment of Act 111 in October 2018. *See* Claimant's Br. at 10. This argument is directly contrary to the express language of Act 111. Section 3(1) of Act 111 provides:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, [77 P.S. § 511.3(1),] *an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph.*[11] This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [WC A]ct.

Section 3(1) of Act 111 (emphasis added). Thus, "[t]hrough the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid." *Rose Corp.*, 238 A.3d at 562 (holding that "[b]ecause [the c]laimant already

---

[10] Claimant also asserts that if limited to 500 weeks of partial disability benefits, this benefits period should commence on November 7, 2019, the date of the IRE, as Claimant did not receive payment of partial disability benefits prior to the enactment of Act 111. *See* Claimant's Br. at 11. However, the Board already affirmed the WCJ's conclusion that November 7, 2019 constituted the effective date for Claimant's change in disability status from total to partial. *See* C.L. 3; Board Decision at 2 & 7, C.R. at 20 & 25. Thus, Claimant's 500-week period of partial disability benefits began on that date. *See* Section 306(b) of the WC Act, 77 P.S. § 512(1). Therefore, Claimant's contention is moot.

[11] "This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation." *Rose Corp.*, 238 A.3d at 561 (citing Section 306(a.3)(1) of the WC Act, 77 P.S. § 511.3(1); *former* Section 306(a.2)(1) of the WC Act, *formerly* 77 P.S. § 511.2(1)).

received 104 weeks of total disability benefits, under Section 306(a.3)(1), [the e]mployer [could] seek a new IRE," as the employer was entitled to credit for the 104 weeks of total disability benefits paid prior to changing the claimant's disability status to partial based on a 2013 IRE conducted under *former* Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2); *see also Pierson*, 252 A.3d at 1179-80 (stating that "the General Assembly made it clear in Act 111 that weeks of [temporary total disability] . . . paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111," as "it stated in plain language it was doing so").

Accordingly, for the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

10

Leo DeLuca, : 
          Petitioner : 
  : 
  : 
     v. : 
  : 
Cservak Management Services, LLC : 
(Workers' Compensation Appeal : 
Board), :   No. 238 C.D. 2022 
          Respondent : 

## O R D E R

AND NOW, this 22nd day of December, 2022, the March 1, 2022 decision of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge