Catherine Nadolsky, : 
                  Petitioner : 
           : 
          v. : 
           : 
UPMC Altoona Regional Health : 
System (Workers' Compensation : 
Appeal Board), :   No. 1366 C.D. 2021
                  Respondent :   Submitted: February 3, 2023


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 17, 2023


Catherine Nadolsky (Claimant) petitions for review of the November 24, 2021 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the workers' compensation judge (WCJ) to grant the requested modification of Claimant's workers' compensation benefits from total to partial disability. Upon review, we affirm.

## I. Background

In April 2017, Claimant sustained a work-related injury in the form of a head contusion, which UPMC Altoona Regional Health System (Employer) accepted by means of a notice compensation payable. Board Opinion, 11/24/21 at

1, Reproduced Record (R.R.) at 144a. In September 2019, a physician conducted an impairment rating evaluation (IRE) of Claimant pursuant to the Sixth Edition of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment*, Second Printing (*Guides*), which yielded a whole-body impairment rating of 5%. *Id.* The following month, Employer filed a notice changing Claimant's disability status to partial disability, effective April 20, 2019. *Id.* Claimant thereafter filed a review petition challenging her change in disability status. *Id.* In April 2021, the WCJ denied Claimant's petition on the basis that Claimant failed to meet her burden of proving that her impairment rating was equal to or greater than 35%, further stating that he lacked the authority to address Claimant's constitutional challenge to the IRE provisions of the Workers' Compensation Act (WC Act).[1] *Id.* at 1-2, R.R. at 144a-45a.[2]

Claimant appealed to the Board, which affirmed. *Id.* at 2 & 5, R.R. at 145a & 148a. The Board identified as Claimant's "sole argument" on appeal her assertion that the WCJ erred in denying her review petition because Section 306(a.3) of the WC Act[3] failed to remedy the unconstitutional aspects of the IRE process. *Id.* at 2, R.R. at 145a. Noting that, like the WCJ, it lacked the authority to declare unconstitutional any portion of the WC Act, the Board nevertheless observed that

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

The WCJ also decided various other petitions. However, Claimant challenged only the denial of the review petition contesting her change in disability status. *See* Board Opinion, 11/24/21 at 2, R.R. at 145a.

[2] In May 2021, the WCJ issued an amended order directing Employer to reimburse Claimant for reasonable litigation costs and determining an appropriate fee for Claimant's counsel. *See* WCJ Order, 5/17/21 at 1-3, R.R. at 133a-35a.

[3] Section 306(a.3) was added to the WC Act by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

2

this Court previously rejected identical constitutional challenges to Act 111. *Id.* at 3-4, R.R. at 146a-47a (first citing *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020); then citing *Pierson v. Workers' Comp. Appeal Bd. (Consol. Pa. Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021); and then citing *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022)).

Claimant petitioned this Court for review.

## II. Issues

Before this Court,[4] Claimant argues that Act 111's designation of the Sixth Edition of the *Guides* in assessing whole body impairment fails to remediate the delegation of powers deemed unconstitutional by the Pennsylvania Supreme Court in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), because the AMA is not required to hold hearings, accept public comment or explain the grounds for its methodology in a manner that would be subject to judicial review. Claimant's Br. at 11. Further, Claimant asserts that the physician authors of the *Guides* are not public employees subject to discipline or removal. *Id.* Claimant also maintains that the enactment of Section 306(a.3), 77 P.S. § 511.3, impermissibly "delegated authority to the AMA, a private entity," without "political accountability." *Id.*[5] Claimant, therefore,

---

[4] This Court's standard of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Comp. Appeal Bd. (Volkswagen of America)*, 550 A.2d 1364 (Pa. Cmwlth. 1988).

[5] Section 306(a.3) provides, in pertinent part:

3

requests that this Court "set aside" the Board's November 24, 2021 order and declare the IRE process unconstitutional. *Id.* at 12.

## III. Discussion

In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part*, *rev'd in part*, *Protz II*, a claimant challenged the modification of her benefits from total to partial

---

(1) When an employe has received total disability compensation pursuant to clause (a)[, referring to Section 306(a) of the WC Act, 77 P.S. § 511,] for a period of one hundred and four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred and four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the [*Guides*] 6th edition (second printing April 2009).

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum impairment under the [*Guides*], 6th edition (second printing April 2009), the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than thirty-five per centum impairment under the [*Guides*,] 6th edition (second printing April 2009), the employe shall then receive partial disability benefits under clause (b)[, referring to Section 306(b) of the WC Act, 77 P.S. § 512,] provided, however, [t]hat no reduction shall be made until sixty days' notice of modification is given.

77 P.S. § 511.3(1), (2).

disability under *former* Section 306(a.2) of the WC Act,[6] on the basis that the provision unconstitutionally delegated legislative authority in contravention of article II, section 1 of the Pennsylvania Constitution.[7] *See Protz I*, 124 A.3d at 408 & 410-11. We agreed, holding that the challenged statute's provision for use of the most recent edition of the *Guides* in evaluating the degree of impairment impermissibly delegated legislative authority to the AMA to establish the criteria for such evaluations. *Id.* at 410-15 (citing *former* Section 306(a.2)(1) of the WC Act, 77 P.S. § 511.2). Thus, we deemed *former* Section 306(a.2) unconstitutional "insofar as it proactively approved versions of the *Guides* beyond the Fourth Edition without review," and we remanded the matter to the Board with instruction to remand to the WCJ to apply that edition to the dispute. *Id.* at 416. Our Supreme Court affirmed in part and reversed in part, holding that this Court erred in failing to strike *former* Section 306(a.2) in its entirety on the basis that the valid portions were inseparable from the constitutionally defective provisions. *Protz II*, 161 A.3d at 841.

In response to *Protz II*, the General Assembly enacted Act 111 on October 24, 2018 to replace the unconstitutional provision with Section 306(a.3). Act 111 amended the WC Act by lowering the threshold impairment rating for determining partial disability from less than 50% to less than 35%. *Compare* Section 306(a.3) of the WC Act, 77 P.S. § 511.3, *with former* Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2. Act 111 also specified that IREs shall be performed using, specifically, the Sixth Edition of the *Guides*, as opposed to generally

---

[6] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

[7] "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1.

prescribing the use of the most recent edition. *See* Section 306(a.3) of the WC Act, 77 P.S. § 511.3.

Here, the gist of Claimant's argument is that Act 111's designation of the Sixth Edition of the *Guides* for use in conducting IREs fails to remediate the delegation of legislative authority deemed unconstitutional by the *Protz II* Court, because the AMA and the individual authors of the *Guides* are private actors. *See* Claimant's Br. at 11.[8] This contention is meritless. In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), we explained that

> if the General Assembly adopts an existing set of standards as its own, there is no delegation and no violation of article II, section 1 of the Pennsylvania Constitution. As our Supreme Court in *Protz II* explained:
>
> > it is important to clarify that the non-delegation doctrine does not prevent the General Assembly from adopting as its own a particular set of standards which already are in existence at the time of adoption. However, for the reasons we

---

[8] Claimant asserts, without citation to supporting legal authority or further elaboration, that the provision of credit to employers for partial disability benefits paid prior to the effective date of Act 111, as provided for in Section 314 of the WC Act, 77 P.S. § 651, effects an unconstitutional deprivation of property rights and violates the due process and equal protection provisions of the Pennsylvania and United States Constitutions. *See* Claimant's Br. at 8-9. We observe that Claimant mistakenly cites Section 314 of the WC Act, 77 P.S. § 651, when Section 3(1) of Act 111 is relevant to her argument. *See* 3(1) of Act 111 (providing that for purposes of determining whether an employee has received at least 104 weeks of total disability compensation for purposes of submitting to an IRE, "an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of [Act 111]"). Moreover, Claimant's insufficiently developed contentions are waived. *See* Pa.R.A.P. 2119 (providing that the argument in an appellate brief "shall be divided into as many parts as there are questions to be argued[,] . . . followed by such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). Claimant's bare assertion that a physician may not lawfully conduct an IRE prior to the adoption of regulations accompanying Act 111 is likewise waived. *See id.*

6

have explained, the non-delegation doctrine prohibits the General Assembly from incorporating, sight unseen, subsequent modifications to such standards without also providing adequate criteria to guide and restrain the exercise of the delegated authority.

[*Protz II*, 161 A.3d at 838-39.]

. . . .

The non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards which already are in existence at the time of adoption." *Protz II*, 161 A.3d at 838 . . . . That is what the General Assembly did here—it adopted the Sixth Edition, second printing, which . . . was in existence when Section 306(a.3) was enacted, "as its own." *Id.* When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth. It is not delegating its authority to legislate.

*Pa. AFL-CIO*, 219 A.3d at 314-16 (emphasis omitted). Thus, the private status of the AMA and any individual contributors to the *Guides* is immaterial to Claimant's constitutional claim, because no delegation of legislative discretion occurred when the General Assembly adopted "an existing set of standards," i.e., the *Guides*, as its own. *Pa. AFL-CIO*, 219 A.3d at 314 (citing *Protz II*, 161 A.3d at 838-39); *see also Hutchinson*, 260 A.3d at 366 (citing *Pa. AFL-CIO*, 219 A.3d at 314-15; *Rose Corp.*, 238 A.3d at 557) (deeming meritless a claimant's assertion "that Act 111 [was] unconstitutional because its provision for IREs pursuant to the Sixth Edition . . . of the *Guides* improperly delegate[d] legislative authority to the AMA, a private entity," and pointing out that "[t]his Court ha[d] previously rejected this argument

7

and ha[d] expressly held that Act 111 did not constitute an improper delegation of legislative authority").

Regardless, we note that every delegation of legislative authority to a private party is not automatically unconstitutional. In critiquing *Protz I*, the Pennsylvania Supreme Court explained that

> our precedents to date have not unequivocally supported the Commonwealth Court's view that the General Assembly cannot, under any set of circumstances, delegate authority to a private person or entity. *See Protz* [*I*], 124 A.3d at 416. Notably, this Court occasionally has suggested in non-delegation cases that the traditional constitutional requirements (*i.e.*, "policy choices" and "adequate standards") are necessary whenever the General Assembly delegates its authority "to any other branch of government *or to any other body or authority*." *Blackwell* [*v. State Ethics Comm'n*], 567 A.2d [630,] 636 [(Pa. 1989)] (emphasis added). For example, this Court has held unconstitutional a law that required all chiropractors seeking to renew their licenses to attend either a two-day conference held by the Pennsylvania Chiropractic Society (a private organization), or another "equivalent educational conference." *State Bd. of Chiropractic Exam'rs* [*v. Life Fellowship of Pa.*], 272 A.2d [478,] 479 [(Pa. 1971)]. In striking down that statute on non-delegation grounds, we recited the general rule that the General Assembly must provide adequate standards to guide and restrain the exercise of delegated administrative functions. *Id.* at 481. . . . Put another way, we held that the statute in *State Board of Chiropractic Examiners* was unconstitutional because it delegated unchecked and unrestrained authority over chiropractic continuing education, not because the Chiropractic Society was a private organization. *Id.* at 481.

*Protz II*, 161 A.3d at 837-38 (citation omitted); *see also Pa. AFL-CIO*, 219 A.3d at 314 (citing *Protz II*, 161 A.3d at 837-38) (clarifying that "[a]lthough [the *Protz II*

8

Court] cited precedent raising concerns about [] delegations [to private entities], including the lack of political accountability of [such] . . . entit[ies], it also cited other precedent that did not rule out the constitutional propriety of those delegations").

We, therefore, conclude that Claimant's constitutional challenge lacks merit. *See Protz II*, 161 A.3d at 838-39; *Hutchinson*, 260 A.3d at 366; *Rose Corp.*, 238 A.3d at 557; *Pa. AFL-CIO*, 219 A.3d at 314-16.

## IV. Conclusion

For the foregoing reasons, we affirm the November 24, 2021 order of the Board.

_____
CHRISTINE FIZZANO CANNON, Judge

Catherine Nadolsky, :
               Petitioner :
                :
       v. :
                :
UPMC Altoona Regional Health :
System (Workers' Compensation :
Appeal Board), :    No. 1366 C.D. 2021
             Respondent :

## O R D E R

AND NOW, this 17th day of May, 2023, the November 24, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge